## RUTHERFORD *vs.* NEWSON.

If one, as agent for another, sell and warrant a negro as sound, and afterwards bring suit on the note given for the negro against the purchaser in his own name, he cannot be an innocent purchaser of the note, without notice of the consideration, and if the negro be unsound at the time, and afterwards die of such unsoundness, that is a good defense to that suit.

Complaint, in Quitman county. Tried before Judge PERKINS, November Adjourned Term, 1859.

James Newson brought suit against the plaintiff in error to recover the sum of $900 00, or, being the amount of a promissory note which the latter had agreed to give for the purchase of a slave, named Joe; the note being made payable to E. R. Graddy, or bearer—dated the 14th day of June, 1854, and due by the 1st day of January next thereafter.

The defendant pleaded to this action total and partial fail-

ure of codsideration in the unsoundness of the slave at the time of the purchase.

The evidence had on the trial discloses these facts:

James Newson, as the agent of Elizabeth R. Graddy, sold and delivered the slave Joe to Rutherford, and took the promissory note, above described, of the latter for the purchase money. Newson having moved out of the State, left the note with James H. Mercer for collection; the latter, afterwards, had it sued, and the suit was brought in the name of said Newson. There was considerable evidence, going to show that Joe was not sound and healthy at the time of the sale. No particular disease was described or proven; but it was proven that Joe complained from time to time of disease in his back and breast, before and after the sale; and that he was laid up from time to time on account thereof; also, that both Mrs. Graddy and said Newson, at the time he sold as her agent, knew of Joe's complaints. On the other hand, it was in proof that the defendant, Rutherford, was a physician, and with a view to purchase, had Joe in his possession some time before the trade was made—the plaintiff and Mrs. Graddy, also, during the time, being in Texas; and further, that, after the maturity of the note, defendant promised from time to time to pay it. In December, 1855, Joe was attacked, while at work, apparently with his old complaint in the breast, and died in a few minutes thereafter.

The jury, under the charge of the Court, having found a verdict in favor of the plaintiff for the full amount of the note, counsel for defendant moved a rule for a new trial on various grounds, of which the following are all necessary to be stated:

"Because the Court refused to charge, as requested by defendant's counsel, as follows:

"That, if the jury believe, from the evidence, that James Newson, the plaintiff, as agent for Mrs. E. R. Graddy, sold said negro man, Joe, to defendant, made a bill of sale to defendant to said negro, and took said promissory note to secure the purchase money agreed to be given for said negro, and as such agent turned over the same to Dr. Mercer for collection, then the presumption of law is, that plaintiff still continued to hold said note as agent for Mrs. Graddy. And that, if the note had never gone into the possession of

Mrs. Graddy, or out of the possession of Dr. Mercer, then it was incumbent on the plaintiff, if he claimed title or property in and to said note, to show that the same had been transferred to him for a valuable consideration.

"Because the Court, on the contrary, charged that, the suit being in the name of the plaintiff, it was *prima facie* evidence that he was the *bona fide* holder of said note for a valuable consideration ; that he obtained the same before due and without notice; and that the *onus* was upon the defendant to show the contrary, or to show that plaintiff took the note before due, with notice, in order for the defendant to get the benefit of his defense to said promissory note."

The rule was refused by the Court on all the grounds taken, and counsel for defendant excepted thereto and assigned the same as error.

B. S. WORRILL and HOOD & ROBINSON, for the plaintiff in error.

DOUGLASS & DOUGLASS, and BEALL, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The defendant in error, who was plaintiff in the action, sold and warranted the negro to be sound. The notice, therefore, of the consideration of the note to him was positive and direct. He could not be an innocent purchaser without notice. That principle had nothing, whatever, to do with the case. If the negro was unsound at the time of the sale and died of that unsoundness, of which the proof is pretty positive and direct, the plaintiff in the action cannot recover. Hence the Court erred in the charge as given to the jury, and a new trial must be granted on that ground as well as the refusal to charge as requested.

Judgment reversed.