BERGELER, Appellant, vs. MICHAEL, Respondent.

*March 28 — April 11, 1893.*

*Sale of chattels: Warranty: Pleading.*

A complaint alleging that defendant *represented* a horse purchased of him by plaintiff to be fit and good for breeding purposes, and that plaintiff relied upon the truth of such representation in making the purchase, sufficiently alleges an express warranty of the procreative capacity of the horse.

APPEAL from the Circuit Court for *Waukesha* County.

The complaint alleges that the plaintiff purchased of defendant a certain stallion for a stock horse and breeding purposes, and paid him $500 therefor.   It is then alleged that "the defendant represented the said horse to be fit and good for breeding purposes, and that the plaintiff believed and relied upon such representation so made to him by the defendant at the time of said purchase."   It is also alleged that the representation was false.   The defendant answered, in substance, a general denial.

At the commencement of the trial, defendant objected to the admission of any evidence under the complaint, for the alleged reason that it does not state facts sufficient to constitute a cause of action.   The court overruled the objection.   The plaintiff then introduced testimony tending to prove, and which, if true, proves, the material allegations of the complaint.

Bergeler vs. Michael.

At the close of the plaintiff's testimony, the defendant moved for a nonsuit. The court granted the motion, and thereafter overruled a motion by plaintiff for a new trial. Judgment of nonsuit was entered accordingly, from which the plaintiff appeals.

*D. H. Sumner*, for the appellant.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

LYON, C. J. If we understand correctly the grounds upon which the learned circuit judge nonsuited the plaintiff, they are that (1) an express warranty is not sufficiently alleged in the complaint; and (2) under the testimony the plaintiff is not entitled to recover on an implied warranty. We shall consider only the first of these grounds.

The complaint alleges that the defendant *represented* the horse to be fit and good for breeding purposes. The judge regarded this as merely the expression of an opinion, and thought that something more should be alleged before it could properly be held to be the assertion of a fact. He observed, however, that the complaint would be sufficient had the word *warranted* been used therein instead of *represented*.

We think the complaint sufficiently alleges that the defendant represented to plaintiff as a fact that the horse was good for breeding purposes; and if the plaintiff relied upon the truth of such representation in making the purchase, as it is alleged he did, this constitutes an express warranty of the procreative capacity of the horse. This is plainly the meaning which the pleader intended to convey, and substantial justice between the parties requires that the complaint should be construed to give effect to such intention. Besides, under many adjudications of this court, on demurrer *ore tenus* a pleading will be more liberally construed to save it than it would be on a general de-

murrer interposed before trial.    But it is scarcely necessary to invoke that rule in order to hold that the complaint under consideration alleges an express warranty. and a breach thereof.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.