Danforth & Co. v. Crookshanks.

A. G. DANFORTH & COMPANY, Defendant in Error, v. H. F. CROOKSHANKS, Plaintiff in Error.

Kansas City Court of Appeals, January 11, 1897.

63   311
80   432
68   311
88   391
68   311
96   4426
99   6463

1. Bills and Notes: CONSIDERATION: ANSWER: ENGLISH RULE: MISSOURI STATUTE: JURY QUESTION. In an action on a promissory note it was alleged that the note in suit was given for a horse as a trotter on the deceitful representation of his fitness therefor; that he was entirely worthless for that purpose or for any other purpose. *Held:*

   (1) These allegations show the note was without any consideration and justified the reception of evidence in its support.

   (2) Under the English rule in such case the purchaser had no defense even *pro tanto*; but under the Missouri statute the proper party may prove want of failure of consideration.

   (3) In this case there was evidence to send the issue to the jury.

2. ———: SALES: RESCISSION.  Generally, if a party would repudiate a contract for fraud, he must return the consideration unless it is wholly without value.

3. Sales: WARRANTY.  The answer in this case was a sufficient averment of a warranty.

4. ———: CONSIDERATION: WARRANTY.  In an action on a promissory note given for the purchase price of a chattel with express or implied warranty, and with or without fraud, it is not necessary that the purchaser should return the chattel, or offer so to do, or rescind the contract, or that the chattel be wholly worthless, to warrant a plea of failure of consideration.  If the chattel be not wholly worthless it will reduce the recovery to that extent.

5. ———: ———: ———.  In an action on a promissory note for a horse worthless for any purpose, there is a total failure of consideration so that it is immaterial whether the note was given in consideration of a warranty with deceit or on deceitful representation without a warranty.

6. ———: ———: PARTIAL PAYMENT: ESTOPPEL.  In an action on a promissory note given for a chattel which proved worthless, the fact that the defendant has made partial payments does not estop him from pleading failure of consideration.

*Error to the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*E. B. Fields* and *A. W. Mullins* for plaintiff in error.

(1) Although the defendant did not return the horse to the plaintiffs, it was competent for him to interpose the defense of failure of consideration when sued on the note given for the purchase price of the horse.  R. S. 1889, sec. 2090, p. 548; 1 McQuillin's Pleading and Practice, sec. 373.  And defendant was not precluded from making such defense because he had made some payments on the note.  *Werner v. O'Brien*, 40 Mo. App. 483.  (2)  And the defendant's evidence further shows that the horse was not then

sound, but badly diseased in the frog of his fore feet, especially the right one, with the thrush, and that by reason thereof he turned out to be worthless as a trotting horse and also worthless for any purpose whatever. This evidence, under the pleadings, presented not only a case for the consideration of the jury, but an absolute and complete defense to the action. *Brown v. Weldon*, 99 Mo. 564; s. c., 27 Mo. App. 251; 2 Sutherland on Damages, 128. (3) A promise to be valid and effectual must be based on some good or valuable consideration. This elementary doctrine, contained in defendant's fourth instruction, refused by the court, should have been applied to the facts in this case. The promises by defendant to pay the note were wholly unsupported by any consideration moving from plaintiff to defendant to make such promises effectual. 1 Story on Contracts [4 Ed.], secs. 426, 427; 1 Parson on Contracts [5 Ed.], pp. 427–430. (4) The ruling of the circuit court can not be sustained on the ground of estoppel against the defendant, either under the pleadings or the evidence in the case. There was no estoppel pleaded, and an estoppel *in pais* must be specially pleaded. *Noble v. Blount*, 77 Mo. 235; *Bray v. Marshall*, 75 Mo. 327; *Plow Co. v. Lang*, 55 Mo. App. 349; *Avery v. Railroad*, 113 Mo. 561; *Throckmorton v. Pence*, 121 Mo. 50; *Thompson v. Cohen*, 127 Mo. 215.

*E. R. Stephens* for defendant in error.

(1) Under the pleadings and all the evidence there was no issue left for the jury to determine, as the defendant's own evidence at the trial and by his letters settled beyond any dispute that at the time he purchased the horse he was sound and healthy and fit for a trotter, therefore the court could do nothing less than to instruct the jury to find for the plaintiffs. (2) The

horse was sold at public auction, and there was no warranty of his soundness. Had there been a warranty the defense of defendant could avail him nothing as he failed to show any breach or a rescission of the contract. *Ransberger v. Ing*, 55 Mo. App. 621; *Viertel v. Smith*, 55 Mo. App. 617. (3) Should it be conceded that defendant was deceived, in order to assert his rights, he should have immediately on discovering the bad faith of plaintiff rescinded the contract and placed them in *statu quo*. "There is nothing in the law preventing a man who finds himself cheated by fraud from standing by the contract. He has his option to rescind or abide by his misfortunes." *Cahn v. Reid*, 18 Mo. App. 125, 126. (4) We undertake to say if there was a fraud put upon the defendant in this transaction, there is not a line of evidence to show that defendant ever rescinded his contract, or offered to do so. And we think this disposes of all the points raised by the brief of the plaintiff in error. The right to rescind a fraudulent contract must be exercised upon the discovery of the fraud, and it must be promptly repudiated, and rescission or an offer to rescind made, and if the injured party treats the transaction as binding he will waive the right of rescission. *Taylor v. Short*, 107 Mo. 393; *Estes v. Reynolds*, 75 Mo. 563; *Lewis v. Land Co.*, 124 Mo. 687, 688; *Hart v. Hamilton*, 43 Mo. 171.

SMITH, P. J.—This is an action on a promissory note for $1,000. The answer admitted the execution of the note and as a defense pleaded that the consideration for which said note was given was the purchase of a horse; that said horse was purchased to be used as a trotting horse, which fact was well known to plaintiff at the time; that plaintiff well knowing the purposes for which defendant wanted said horse,

BILLS and notes: consideration: answer: English rule: Missouri statute: jury question.

and in order to induce him to make said purchase, falsely represented to the defendant that said horse was perfectly sound and fit for use as a trotting horse and defendant, relying on plaintiff's said representations, was induced thereby to purchase said horse and execute the note sued on; that said horse was unsound, diseased in his feet and his hoofs were rotten, which the plaintiff then well knew, which rendered him entirely worthless for the purposes for which he was purchased, or for any other purpose.

At the trial the court gave a peremptory instruction to the jury to return a verdict for the plaintiff. Judgment was given for plaintiffs and the defendant has appealed.

It is thus seen that the answer affirmatively states that the plaintiff, by his deceitful representations, induced the defendant to purchase the horse and to give the note sued on for the purchase price thereof. It further states that the horse so purchased was valueless for any purpose. These facts clearly show that the note was given without any consideration whatever. It in effect pleaded an entire want or failure of consideration, and that issue was sufficiently tendered by it to justify the reception of evidence in its support.

Under the old English rule, where the action by the seller against the buyer was not for the price of the goods, but on a security given for them, for example, a note or bill given in payment, the purchaser had no defense even *pro tanto* where the goods were warranted of a particular description and turned out to be of inferior description, etc. Biddle on War. & Sale of Chat., sec. 304. But under our statute, section 2090, when a specialty or other written contract for the payment of money is the foundation of the action or defense in whole, or in part, the proper

party may prove the want of failure of the consideration in whole or in part of such specialty or written contract. The evidence adduced by the defendant in support of the affirmative of the issue, was, we think, sufficient to authorize a submission to the jury, under appropriate instructions. The giving by the court of the peremptory instruction was a clear invasion by the court of the province of the jury.

The answer does not set up a counterclaim for damages based on the deceit practiced by plaintiff, but it pleads in avoidance of plaintiff's action a total want of consideration. If the horse, for the purchase price of which the note was given, was worthless for any purpose, why return him? Certainly no injury could result to the plaintiff by the defendant's omission to do so. The general rule as if a party would repudiate a contract for fraud, he must return the consideration unless it is wholly without value. Suth-

—: sales: re-
scission.

erland on Dam., section 549; *Reeves v. Kelly*, 30 Mich. 132; *Peterson v. Lumber Co.*, 51 Mich. 86.

The deceitful affirmation averred in the answer was a sufficient averment of a warranty. It was unnecessary to use the word *warranty*.

SALES: warranty.

Biddle on War. in Sale of Chat., sections 283, 291. A warranty is express when the seller makes an affirmation with respect to the article to be sold, pending the treaty of sale, upon which it is intended that the buyer shall rely in making the purchase. Biddle on War. in Sale of Chat., sections 1, 2. The testimony of the defendant was that when he went to look at the horse, he told A. G. Danforth, one of the plaintiffs, that he knew nothing about horses and that he (Danforth) told him "that the horse was sound and all right, except a little bump on his ankle, and that outside of that he was all right." This affirmation,

according to the rule just stated, was in effect a warranty. The evidence tends to prove the horse was entirely worthless for any purpose. It seems to us that the principle of the rule declared in *Brown v. Welden*, 99 Mo. 564, is applicable to the facts of this case, which rule is to the effect that in an action on a promissory note, given for the purchase price of a chattel bought for a particular purpose, whether upon an express or implied warranty, with or without fraud, it is not necessary that the purchaser should return the chattel, or offer to return it, or to rescind the contract, or that such chattel should be wholly worthless, in order that he may avail himself of his plea of a failure of consideration. But if he retain the chattel and does not offer to return it, and said chattel is not wholly worthless, such plea can avail him only so far as to defeat a recovery on the note, to the extent of the difference between the value of the chattel, had it been such as it was represented to be and its value such as it is shown really to be.

—: considera-
tion : warranty.

But whether defendant was induced to give the note in consequence of his reliance on a warranty with deceit, or on deceitful representations without a warranty respecting the soundness of the horse, can make no difference; for, if the horse was unsound and worthless for any purpose, there would be a total failure of the consideration, so that the result would be the same in either case.

—: —: —.

Nor does the fact that the defendant made some payments on the note preclude the defense pleaded. *Werner v. O'Brien*, 40 Mo. App. 483. There was no estoppel in the case. None of the cases cited and relied on by plaintiffs are analogous to this and therefore not in point.

—: —: partial
payment :
estoppel.

. We think the court erred in its action withdraw-
ing the case from the jury, so that it follows the judg-
ment will be reversed and the cause remanded. All
concur.