[No. 1292.]
PURSEL v. TELLER.

1. CONTRACT—MISREPRESENTATION.
Where a contract of lease was entered into through misrepresentations on the part of the lessor that the plumbing of the house was perfect, and that no sewer gas existed about the premises, the fact that the lessee signed the contract of lease in which he covenanted that the premises were received in good order and condition, was not conclusive against him. And in a suit by the lessor against the lessee, it was not error to permit the defendant to testify as to the representations made by the lessor and that the house was permeated by sewer gas.

2. SAME.
Any intentional misrepresentation of material facts in the making of a contract, where the parties have not equal access to the means of information will vitiate and avoid the contract, whether the party making them knew the representations to be false or whether they were made without knowledge of their truth or falsehood.

3. LEASE—MISREPRESENTATIONS.
Where a party was induced to lease a house upon the representation by the lessor that the plumbing was perfect and the house free from

sewer gas, the lessee was justified in vacating the premises and putting an end to the contract upon discovering that the house was permeated by sewer gas.

*Error to the County Court of Arapahoe County.*

Mr. L. C. Rockwell, for plaintiff in error.

Messrs., Teller, Orahood & Morgan and Mr. Clayton C. Dorsey, for defendant in error.

Thomson, P. J., delivered the opinion of the court.

On November 7, 1894, Mary E. Pursel leased to John C. Teller a dwelling house in Denver for the period of six months, at a rental of $80.00 per month, payable monthly in advance. The contract, which was in writing, contained a covenant on Teller's part that he received the premises in good order and condition. Teller left the premises on February 6, 1895, and refused to pay any further rent. Mrs. Pursel brought this action on the 16th day of February, 1895, to recover the rent for one month, and $20.00 as damages to furniture left in the building by her. The plaintiff had judgment before the justice, and the defendant appealed to the county court, where the judgment was for the defendant. The plaintiff brings the case to this court by writ of error.

The only questions raised by the assignment of errors, relate to the rulings of the court in admitting evidence for the defendant. The defendant testified that on the day the contract of lease was executed, and before its execution, while he was looking over the house in company with the plaintiff and her husband, he asked them concerning the plumbing, and they both answered that it was perfect, that there was no such thing as sewer gas in the house, and that if he was worried about sewer gas, he could rest easy. Going upstairs to the bathroom, he found that the water-closet leaked, and would not flush. He came down and reported what he had discovered to the plaintiff, and she assured him

that the closet was all right, but that they had not been using it. The witness testified that he relied on the statements made to him; that the plumbing was inside the walls and could not be seen; that he took it for granted that they knew what they were talking about, and supposed they were telling the truth; and that in consequence of these statements, and his reliance on them, he signed the contract of lease. It was also in evidence that after the defendant and his family had occupied the house for about two months, his wife and child became seriously ill with malarial fever; that an investigation, then set on foot, disclosed that by reason of defective plumbing, the house was permeated by sewer gas to such an extent as to render habitation in it dangerous to health and life; and that upon the advice of a practising and reputable physician that the plaintiff and his family could not safely remain longer in the building on account of its poisoned atmosphere, he vacated it.

All the foregoing evidence was objected to at the time it was offered. The ground upon which it was objected to then, and the ground upon which it is contended now that its admission was error, is that the defendant's covenant that he received the premises in good order and condition is conclusive upon him, and he cannot be heard to say, in contradiction of his covenant, that the premises were not in good order and condition.

It appears that the defendant was influenced in signing the contract by the representations of the plaintiff concerning the sanitary condition of the dwelling. In respect to that, the parties had not equal means of knowledge. The sources from which contamination might proceed were invisible; but the plaintiff, as the owner of the house, is presumed to have known the condition of the plumbing. Whether she actually knew it or not does not matter. She assumed to know it, and assured the defendant that it was perfect, and upon such assurance the defendant signed the lease.

Any intentional misrepresentation of material facts in the making of a contract, in cases where the parties have not

equal access to the means of information, will vitiate and avoid the contract.  2 Kent's Com. 482.  And the same result would follow if the party making the assertion did so without knowing whether it was true or false, and therefore without any ground of belief that it was true.  Where the representation is intended to influence the conduct of another in a business transaction, an affirmation of something as true, concerning the truth or falsity of which the speaker is ignorant, is as much under the interdiction of the law as a false averment knowingly made.  Story's Eq. § 193.  The plaintiff was not bound by the contract which he was deceived into signing; the consideration upon which he signed it failed; and when he discovered the presence of noxious conditions which he had been assured were absent, in vacating the premises and putting an end to the contract, he only exercised a right which the law gave him.  *Tyler v. Disbrow,* 40 Mich. 415.

But it is said that because the defendant, before signing the lease, found that the water-closet was apparently out of order, he is chargeable with knowledge of the facts as they existed, and was not deceived.  There is no evidence that the condition of the water-closet was due to defects in the plumbing, or that what he saw led him to suspect that the plumbing might be defective.  It seems clear that the fact that the closet was out of repair suggested nothing to his mind in relation to the pernicious gases which, as he afterwards found, pervaded the house.  He does not appear to have regarded the condition of the closet as of much importance, and even as to that he was quieted by assurances which the plaintiff gave him.  In this one particular it may be that he was not deceived; but what he knew in relation to the working of the closet is so aside from the real cause of his abandonment of the premises, that it cannot be imputed to him as knowledge of the facts which afterwards disclosed themselves.

Concerning the damages to furniture with which he was charged, it is sufficient to say that the finding of the court

is supported by the evidence.   Upon the whole case, as the record presents it, the judgment was right, and must be affirmed.

*Affirmed.*