F. H. WRAY, Appellant, v. GEORGE B. WARNER.

**Notes and Bills:** TRANSFER: *Fraud.* Where a note given for the right to sell a patent rupture cure was immediately transferred by the payee to the business manager of the rupture cure company, on whose representations as to the character of the cure the note was executed, an instruction that if the note was obtained by false representations of such manager, it became invalid when it passed into his hands, even though it might have been valid in the hands of the original payee, was not erroneous, since the manager was not a mere indorsee, but a party to the transaction.

RECOVERY BY INDORSEE. Under Code, section 3070, providing that on failure of the consideration given for a note the holder cannot recover a greater sum than he paid for it, with interest and costs, where the evidence showed that plaintiff was a *bona fide*

holder of such note, but did not show what he paid for it, an instruction that he could recover only a dime or a dollar was proper.

Failure of consideration: *Evidence.* Where several witnesses who had been treated for rupture by a patent cure testified that they had not been cured, and the originator of the cure swore that 12,000 persons had been cured in the United States, but did not produce any one as a witness who had been cured, the jury was justified in finding that the cure was worthless, and that a note given for the right to sell it in a certain territory was without consideration.

Instructions: *Harmless error.* Where the plaintiff claimed to have purchased the note sued on for value, before maturity, an instruction that the note was transferred to plaintiff immediately after its execution was not prejudicial to plaintiff.

*Held not to be contradictory.* An instruction that the plaintiff obtained the note sued on in the ordinary course of business for a valuable consideration, without knowledge of the representations made by his business manager in obtaining it, does not contradict another instruction that the evidence was conflicting as to whether plaintiff had knowledge of the alleged want of consideration for the note; since the first instruction refers to a knowledge of alleged fraud, and the second to a knowledge of the want of consideration.

Evidence: relevancy: *Act of third person.* W. had an arrangement with a patentee, under which he maintained an office to cure with patentee's cure. He brought defendant and another together and, as a result, defendant and that other engaged in a like business, defendant giving to said other a note which was transferred to patentee. In the letter-heads used in W.'s office he was styled "business manager" and, in correspondence patentee addressed him as "manager." *Held,* W. was not a stranger to the transaction which led to the making of such note but was in such privity to all the parties interested as that, in a suit upon the note, it was proper to admit in evidence conversations had with W. and letters from him to defendant recommending patentee's cure to the person with whom defendant associated and the purchaser of the territory in which to sell said cure, the note being given in consideration of such territory sold to defendant by his associate.

Same: *Fraud.* Where defendant claimed that a note given for the right to sell a patent rupture cure was fraudulently obtained, a blank form of contract used by plaintiff in granting territory

to sell such cure was admissible in evidence to show the manner in which the business was transacted.

NON-EXPERTS: *Competency.* A man who had been treated for rupture by a patent remedy was competent to answer the question whether he was cured or not, though he possessed no knowledge of medicine, since the question did not call for a conclusion requiring special skill on the part of the witness, but for the statement of a fact.

*Appeal from Page District Court.*—HON. WALTER I. SMITH, Judge.

FRIDAY, APRIL 13, 1900.

ACTION at law for judgment on a negotiable promissory note for five hundred dollars, executed December 21, 1896, by the defendant to W. D. Gibbon, due July 15, 1897, and indorsed: "Pay A. M. Worden, or order. [Signed] W. D. Gibbon." "Pay F. H. Wray without recourse on me. [Signed] A. M. Worden." "Pay to Charles E. Putnam, Cashier Merchants' National Bank of Cedar Rapids, Iowa. [Signed] F. H. Wray." The defendant answered admitting the execution of the note, and alleging that the note is without consideration, was obtained by fraud, and that plaintiff is not a *bona fide* purchaser before maturity, without notice. The defendant also offered to rescind the transaction in which the note was given. The plaintiff replied, denying the allegations of the answer, and alleging that at the time he purchased the note he had no notice or knowledge of the alleged defenses, but purchased in good faith, for a valuable consideration, before maturity, in the ordinary course of business. Verdict and judgment were rendered in favor of the defendant. Plaintiff appeals.—*Affirmed.*

*Geo. H. Castle* and *W. P. Ferguson* for appellant.

*G. B. Jennings* for appellee.

GIVEN, J.—I.  The plaintiff is the originator of what is known as the "Fidelity Rupture Cure," covered by trademark in the patent office of the United States dated January 2, 1896.  The cure consists, in part, at least, of the use of a fluid prepared by and obtainable only from the plaintiff at his place of business in Chicago.  Dr. A. M. Worden, of Des Moines, Iowa, under some arrangement with the plaintiff, maintained an office in that city for the treatment of patients by this cure.  The defendant's minor son, A. D. Warner, was treated by Dr. Worden, and in the course of their acquaintance Dr. Worden urged upon him the purchase of the right to some territory in southwest Iowa in which to use said remedy, and highly recommended the cure as a sure and successful source of profit.  A. D. Warner being a minor, Dr. Worden made efforts through him, and otherwise, to interest the defendant in the purchase of some territory.  Neither of the Warners being a physician, and it being necessary to have a physician to administer the cure, Dr. Worden recommended Dr. Gibbon, of Beatrice, Neb., as a suitable person to administer the cure, and through his efforts these parties were brought together, and made an arrangement for opening an office in Red Oak, Iowa, young Warner to work at securing the patients, and Dr. Gibbon to administer the remedy.  In some way that does not clearly appear Dr. Gibbon acquired the right to several counties in southwestern Iowa, and it was in consideration of the transfer to the defendant of an interest in these counties that the note in suit was given to Dr. Gibbon, in addition to five hundred dollars in cash paid him at the time.  Dr. Gibbon and Warner continued this business for a few months, when, Dr. Gibbon returned to Nebraska, and the office was closed.  It seems probable that they abandoned the business because of the conclusion reached by Dr. Gibbon that the cure was not effectual.  He says: "Think the fluid does not possess any curative qualities.  I have not analyzed it, and do not know of what elements

it is composed." The note was indorsed as already stated, but seems to have been returned by the Merchants' National Bank of Cedar Rapids to the plaintiff.

II. We now notice certain complaints made by the appellant of rulings on taking the evidence. He insists that Dr. Worden was a stranger to this transaction, and therefore the court erred in admitting in evidence conversations with him and his letters to the defendant and to his son, recommending the cure, recommending Dr. Gibbon, and also urging the purchase of territory. Just what Dr. Worden's relations were to the plaintiff does not clearly appear. It is said that he was acting independently of the plaintiff, but it appears that he was promoting the plaintiff's business. In the letter-heads used in the Des Moines office, Dr. Wray was designated as "originator," Dr. Ransom as "specialist," and A. M. Worden as "business manager," and Dr. Worden was addressed by the plaintiff in correspondence as "manager." Dr. Worden was not a stranger to this transaction, but in such privity to all the parties to it as to render the evidence objected to admissible.

Appellant complains of the admission of certain blank forms of contract. We are inclined to think that they were proper as tending to show the manner in which this kind of business was done, and the terms offered in this instance; but, if not, they were surely without prejudice to the appellant.

It is complained that witnesses who had been treated with this cure were permitted to answer "whether [they] were cured or not." It is argued that these were ignorant men, possessing no information or competency to answer the question, and that the answer is a conclusion. It certainly requires no special skill or learning for a man who has been suffering from a rupture to know whether or not it has been cured; and to say that it has or

has not been cured is the statement of a fact. We discover no errors prejudicial to appellant in the rulings on taking the evidence.

III. We next notice appellant's complaints against the instructions. It is complained that the court said that the note in suit was, "immediately after its execution, transferred to A. M. Worden." We think the evidence sustains this statement, but, if it were otherwise, it would be without prejudice to the plaintiff, as it tends to support his claim that he became purchaser before maturity. In the fourth and fifth instructions, the court, having said that the note passed into the hands of Worden shortly after its execution, added: "This being true, if the note was obtained by false pretenses, made by said Worden, the note became invalid when it passed into his hands, even though it might have been valid in the hands of the original payee." It is argued that there is no claim that Dr. Gibbon made any false statements to induce the giving of the note, and that, therefore, if the note was valid in his hands, it was valid in the hands of Worden, and that, Gibbon and Worden being intermediary indorsers, there is no privity between them, or either of them, and the plaintiff. Gibbon and Worden are more than mere indorsers. Gibbon was directly, and Worden indirectly, a party to the transaction in which the note was given. The argument ignores the fact that the transaction was induced upon the representations of Worden as to the character of the cure. Measured by the relation of indorsers and indorsee alone, appellant's contention is correct; but, as said, these parties were more than indorsers and indorsee in this transaction. We think, under the facts of the case, there was no error in this instruction.

The court instructed that: "So abhorrent is fraud, however, in the law, that even a *bona fide* purchaser of a promis-

sory note in the ordinary course of business, for a valuable consideration, before maturity, and without notice of fraud, can only recover upon such note, if procured by fraud, the amount actually invested by him, with interest. If, however, you find that Worden procured this note by fraud from the. defendant, as plaintiff has failed to show how much he gave therefor, but has shown that, as respects the alleged fraud, he was a *bona fide* purchaser in the ordinary course of business, for a valuable consideration, before maturity, and without notice, your verdict should be for him for a dime or a dollar." There is no evidence whatever as to how much the plaintiff gave Worden for this note, and the instruction is in harmony with section 3070 of the Code. The court said in the fourth and fifth instructions that the evidence shows without conflict that the plaintiff obtained this note in the ordinary course of business, for a valuable consideration, before maturity, and without any notice or knowledge of the representations, if any, made by Worden for the purpose of obtaining it, and added that "the evidence is not conclusive either way as to whether he had notice of the alleged want of consideration for this note." Appellant does not complain of this, but contends that the court submitted a contradictory proposition as to whether the plaintiff was an innocent purchaser. The further instructions were as to his knowledge of the want of consideration, not knowledge of the alleged fraud. We discover no errors in the instructions.

IV. Appellant insists that there is not sufficient evidence to sustain the verdict. We think the jury were warranted in finding from the evidence that the Fidelity Rupture Cure is worthless, and of no value; therefore that there was no consideration for the note in suit. They were also warranted in finding that the plaintiff, when he took the note in suit, knew what the consideration therefor was. He was an originator of the cure, knew of what it consisted, and results from its use. True, he testifies: "The Fidelity

Rupture Cure is valuable, and possesses merit, and is effective in curing rupture when placed in the hands of proper persons to administer the same, and no person or persons are permitted to use the same without paying me a valuable consideration. The treatment has been in use since 1891, and offices have been opened throughout the United States, and over 12,000 persons have been treated and cured by the method,"—yet no one of these is called to corroborate the statement, while A. D. Warner, who was treated by Dr. Worden, several others treated by Dr. Gibbon, whom Dr. Worden recommended, and one or two treated by Dr. Ransom, in Omaha, each testifies that he was not cured by the treatment. We need not discuss the evidence further on this subject. Our examination of the record before us leads us to the conclusion that the judgment of the district court should be AFFIRMED.