[No. 5409.]
[No. 3066 C. A.]

MASTIN v. BARTHOLOMEW.

1. **Practice in Civil Actions—Conduct of Trial—Right to Open and Close.**

In an action on a note by the transferee, an affirmative defense and counter-claim virtually admitted all the allegations of the complaint, but a separate defense, while admitting the note's execution and nonpayment, denied the indorsement and transfer to plaintiff, and such denial was not waived by defendant. Held, that the burden was on plaintiff to prove his ownership, and it was not error to refuse permission to defendant to open and close in introducing evidence and addressing the jury. —P. 332.

2. **Pleading—Replication—Sufficiency.**

In an action on a note given in payment for an automobile, where the answer sets up a warranty and its breach, and alleges facts as constituting fraudulent representations in effecting the sale, a replication denying that plaintiff "made any false, untrue and fraudulent statements and representations to the said defendant," and that defendant was damaged thereby, does not traverse the affirmative averments, since it is merely a conclusion of the pleader, and in the conjunctive, instead of the disjunctive.—P. 332.

**3. Same.**

Affirmative averments in an answer of fraudulent representations by plaintiff and his agent in a sale, are not put in issue by a replication stating that plaintiff has not and cannot obtain sufficient information upon which to base a belief, since plaintiff is presumed to know what he and his agent said and did in effecting the sale.—P. 333.

**4. Pleading—Naming Pleadings—Necessity.**

It is not necessary that any particular or technical name be given a pleading, since if it states facts which constitute a cause of action or defense, it is sufficient.—P. 333.

**5. Sales—Express Warranty—Breach—Pleading.**

An answer which alleges that plaintiff and his agent made to defendant, as a statement of fact and not of opinion, a positive affirmation, at the time, and as part of a contract of sale, that an automobile sold was in first-class condition, and that it was suitable for the particular purpose for which defendant wanted it, of which plaintiff was advised, and further alleging that it was not in that condition, which defendant afterwards discovered, sufficiently sets forth an express warranty and its breach.—P. 334.

**6. Practice in Civil Actions—Instructions—Application to Case.**

Where it is alleged in the pleadings, and proof offered, that a seller expressly warranted the article sold to be in thoroughly good condition, it is error to charge "that in all cases of sale of personal property between private parties, a warranty of title is implied but not a warranty of quality," and that, in the absence of fraud, the rule of caveat emptor applies, and that no express warranty is pleaded or sought to be proved in the case, since the charge is controverted by both the pleading and proof.—P. 336.

**7. Sales—Breach of Warranty—Fraud—Rescission by Buyer—Time for Making.**

A buyer has a reasonable time for examination of articles purchased, and a reasonable time to rescind after his discovery of a breach of warranty or of fraud that vitiates the sale.—P. 337.

**8. Appellate Practice—Instructions—Evidence—Exceptions.**

The evidence may be reviewed on appeal to determine the applicability and correctness of instructions based upon it, although no objection was made to the judgment which otherwise would preclude an examination of sufficiency to support the verdict.—P. 337.

*Appeal from the District Court of the City and County of Denver.*

*Hon. F. T. Johnson, Judge.*

Action by Haywood B. Bartholomew against James W. Mastin. From a judgment for plaintiff, defendant appeals.        *Reversed.*

Messrs. BICKSLER, BENNETT & NYE, for appellant.

Messrs. VAN CISE & GRANT, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by the holder (transferree) of a negotiable promissory note against the maker. The complaint is in the usual form, alleging execution and delivery of the note by defendant to the payee therein named, its subsequent indorsement and transfer before maturity by payee to plaintiff, who is alleged to be still the legal owner and holder, and nonpayment.

The answer admits execution of the note and nonpayment, but denies the other allegations of the complaint. As a second and separate defense, it is averred that the parties to the action are both physicians in the city of Denver, and that defendant, being desirous of purchasing an electric wagon or automobile for use in his profession, applied to a dealer, who was acting as the agent of plaintiff in the sale of a second-hand electric automobile. Defendant told the agent that he wished a machine which was in good condition and perfect in all its parts, and that could be used by him in performing the duties of his profession, and was informed by the agent that his principal (the plaintiff herein) had assured him, the agent, which plaintiff himself after-

wards confirmed, that the automobile was in good and perfect condition, the batteries were all right, and plaintiff gave as his only reason for selling that he was unable to get the electric company to put into his barn, where he stored the machine, the wires and charging apparatus.

The answer proceeds to say that, relying upon plaintiff's representations as to its condition and quality, defendant purchased the automobile at a certain price, part of which was paid in money, and the promissory note here sued upon represented the balance thereof; that the note, although made direct to the agent, was afterwards transferred to, and at all times has been the property of, plaintiff, and that such note was executed solely because defendant relied upon the representations of plaintiff as to the soundness and thoroughly good condition of the vehicle; that the note was without consideration, and that such representations of plaintiff to defendant were false in every particular, and known by plaintiff to be false at the time they were made; that the machine proved to be utterly unfit for the purpose for which defendant bought it; and that the batteries were unsafe and would propel the machine only for a short distance before they had to be re-charged.

Substantially the same matters were set up in the answer as a counter-claim, in which defendant asks for damages which resulted from his acting upon the alleged fraudulent representations; and since, as he alleged, he had returned the automobile to the plaintiff, he asked for a decree rescinding the contract, and for the delivery to him of the note.

The replication admits the sale by plaintiff's agent, and that plaintiff took the promissory note as part of .the purchase price. It denies that plaintiff "made any false, untrue and fraudulent statements and representations to the said defendant,"

and that defendant was damaged by reason thereof. As to the other allegations of the answer and counter-claim, the plaintiff says that he cannot obtain suffi-cient knowledge or information upon which to base a belief.

Upon these issues the case was tried to a jury, and resulted in a verdict for plaintiff for the full amount of the principal and interest of the note, upon which judgment was rendered. Defendant ap-peals.

1. Defendant says that the trial court erred in not permitting him to open and close in introduc-ing evidence and addressing the jury, the point be-ing that, under the issues made by the pleadings, the burden of proof was upon him. The affirmative de-fense and counter-claim, by the failure to deny, coupled with direct allegations, virtually admit all of the allegations of the complaint; but one of the defenses of the answer is a general denial of the allegations of the complaint not expressly admitted. In this distinct and separate defense there was an admission of the execution of the note and its non-payment, but the indorsement and transfer by payee to plaintiff were denied. Hence, it was necessary, as the trial court ruled, for plaintiff, before he could recover, to show his ownership, which, if it was in him, resulted from the indorsement and transfer. True, defendant might orally waive, or withdraw, his denial of the transfer, but he did not do so. There was no error of the court in rejecting this re-quest of defendant.

The judgment, however, must be reversed be-cause of prejudicial error in the instructions. Such error is clearly apparent, both under the evidence and the affirmative allegations of the answer.

First, it may be said that the replication does not traverse these affirmative averments. The denial

of the alleged fraud is merely a conclusion of the pleading, and is in the conjunctive instead of the disjunctive. There is no denial of the alleged facts set out in the answer which constitute the fraud or the warranty and its breach. The further attempt to put them in issue by saying that plaintiff has not and cannot obtain sufficient knowledge or information upon which to base a belief, is wholly ineffective, because he is presumed to know what he, himself, and his agent said and did. To such defects, however, defendant seems not to have objected. We pass next to a consideration of the answer and the evidence offered in its support.

The plaintiff expresses in his brief some doubt as to what defense or defenses the defendant intended thereby to plead, whether fraud in obtaining the note, or want of consideration, total or partial, but finally concludes that the intention was to plead a want of consideration. It is not necessary that any particular or technical name be given to a pleading. If it state facts which constitute a cause of action or defense, it is good. An examination of this answer shows that several good defenses are commingled in one statement. There is, in effect, a plea of an express warranty and its breach, fraudulent representations sufficient to avoid the contract of sale, a total or partial failure of consideration for the note because of fraudulent representations, and an implied warranty and breach.

We are not called upon to decide whether either of these defenses is uncertain, or otherwise defectively pleaded, or should be separately stated, because plaintiff interposed no objection below or here that several distinct defenses were embodied in one statement, or that therein other salutary rules of pleading were violated. It is entirely safe to say that there is pleaded what, in law, amounts to an ex-

press warranty and its breach. It is not necessary to constitute a warranty that any particular form of words shall be used. In Benjamin on Sales (7th ed.), § 613, the learned author quotes, with approval, the following: "It was rightly held by Holt, C. J., and has been uniformly adopted ever since, that an affirmation at the time of a sale is a warranty, provided it appear in evidence to have been so intended."

It sufficiently appears in this answer that plaintiff himself, as well as by his agent, made, as a statement of fact, and not of opinion, a positive affirmation at the time, and as part of the contract of sale, that the automobile was in first-class condition, that the batteries were all right, and represented to defendant that it was in good condition and suitable for the particular purpose for which he wanted it, of which plaintiff was advised, and that the thing purchased was not in that condition, which defendant afterwards discovered.

Many authorities show that this answer sufficiently sets forth an express warranty and its breach. In *Danforth & Co. v. Crookshanks*, 68 Mo. App. 311, speaking of the answer in that case, which was quite similar to the one before us, the court said that it admitted the execution of the note, and, as a defense, pleaded that the consideration was the purchase of a horse; that the horse was purchased for a certain purpose, which fact was known to the plaintiff, and that, in order to induce defendant to make the purchase, plaintiff falsely represented to defendant that the horse was perfectly sound and fit for the use contemplated; and defendant, relying upon plaintiff's representations, was induced thereby to purchase the horse and execute the note sued upon; that the horse was unsound and unfit for the purpose for which it was purchased. The court said that the deceitful affirmation averred in the answer was a

sufficient averment of a warranty, and stated the general doctrine to be that a warranty is express when the seller makes an affirmation with respect to the article sold, pending the treaty of sale, upon which it is intended that the buyer shall rely in making the purchase. See, also, *Bergeler v. Michael,* 84 Wis. 627; *Drew v. Ellison,* 60 Vt. 401.

In *Shipman v. Bowen,* 122 U. S. 575, the court said that no particular phraseology of words is necessary to create a warranty, and quotes, with approval, the statement of the rule in such cases laid down by the court of appeals of Maryland, in *Osgood v. Lewis,* 2 H. & G. 495: "Any affirmation of the quality or condition of the thing sold (not uttered as matter of opinion or belief), made by the seller at the time of sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase, if so received and relied on by the purchaser, is an express warranty. And in cases of oral contracts, on the existence of these necessary ingredients to such a warranty, it is the province of the jury to decide, upon considering all the circumstances attending the transaction."

In *Kellogg Bridge Co. v. Hamilton,* 110 U. S. 108, will be found an instructive discussion of the law of warranty as applied to the sales of personal property.—*Milwaukee R. M. Co. v. Hamacek,* 115 Wis. 422; *New Birdsall Co. v. Keyes,* 99 Mo. App. 458; *Boothby v. Scales,* 27 Wis. 626; *Cummins v. Ennis,* 56 Atl. Rep. 377; *Perry v. Johnston,* 59 Ala. 648; *Goodale v. Middaugh,* 8 Colo. App. 223, 231; *Pursel v. Teller,* 10 Colo. App. 488; 9 Cyc. 213, *et seq.*

The evidence here was conflicting. That offered by defendant tended to show that plaintiff positively affirmed as a fact within his own knowledge the thoroughly good condition of the automobile, which he

had owned and used for about two years; that defendant relied upon this representation; knew nothing whatever about such machines, and never had had any experience in handling or using them, of which plaintiff was advised; that it was bought for a particular purpose, which was made known to plaintiff; that after testing the machine for a reasonable time, defendant discovered that it was not in good condition, and was unfit for the purpose for which he bought it, and then tendered it to plaintiff and demanded the return of the note.

The evidence in behalf of plaintiff tended to show that defendant bought the machine after an inspection and examination of it; that he did not rely upon the representations of plaintiff as to its condition, but upon his own judgment, and that of persons other than plaintiff and plaintiff's agent.

Such being the pleadings and the evidence, it was essential that the court correctly instruct with reference to the law of the case. In instruction No. 2 the court said: "The jury are instructed that in all cases of sale of personal property between private parties situated as here, a warranty of title is implied, but not a warranty of quality." The court proceeded in the same instruction to say that, in the absence of fraud, the rule is *caveat emptor,* and further on in the same instruction said that no express warranty is pleaded or sought to be proven.

This was an incorrect statement and constitutes a most serious and prejudicial error to defendant under the facts of this case. Authority for the first sentence is said to be section 611 of Benjamin on Sales. (7th ed. Barrett's), where the author states the general rule to be that no warranty of the quality of a chattel is implied from the mere fact of sale. If such were this case, the instruction might be correct, and in the absence of fraud, deceit or express

or implied warranty, where the buyer has full opportunity to inspect, and stands on equality with the seller, probably would be right. But here there were both allegation and proof that the seller expressly warranted the automobile to be in thoroughly good condition. The court's assumption and statement in this instruction as to the nature of the pending case is, therefore, controverted both by defendant's pleading and by the testimony produced by him in its support. See further Benjamin on Sales §§ 644, 661, American note, p 662.

In instruction No. 5, the court said, among other things in connection with that subject, that rescission must be made as soon as the buyer discovers the defects in the article purchased. This is not the law. A buyer has a reasonable time for examination, and a reasonable time to rescind after he has discovered that there has been a breach of warranty, or that fraud was committed that vitiated the sale.— 9 Cyc. 435. Other instructions objected to we do not consider, because, in the light of the foregoing discussion, it is not likely that they will again be given.

The contention of plaintiff that the objection to these instructions is not available on this review to defendant because the objections and exceptions thereto were not properly taken, and because there was no objection made or exception taken to the judgment as rendered, has no merit. If the instructions which were given had been in the nature of a general charge, the point might be good, but these instructions are separately numbered, and the defendant properly objected to each one and saved his exceptions in the manner which we have repeatedly approved. If it be true that no objection to the judgment was made by defendant, that would preclude this court from examining the evidence for the purpose of determining its sufficiency or insufficiency to

support the verdict upon which the same was rendered; but we may, and it is our duty to, examine the evidence for the purpose of determining the applicability and correctness of the instructions based upon it. This is expressly ruled in *Alta Inv. Co. v. Worden,* 25 Colo. 215. As already indicated, the replication did not put in issue the affirmative matters of the answer, and the answer itself, as well as the counter-claim, may be somewhat indefinite, and, perhaps, not sufficiently full to advise plaintiff of the precise nature of the defense, yet no objection thereto was made by the respective parties. But the answer was sufficient to justify the admission of evidence in support of an express warranty and its breach, as well as fraudulent representations that would vitiate the sale, and such evidence was admitted, and the appropriate instructions should have been given. If the parties desire, they may, upon such terms as are just, amend their pleadings.

For the errors mentioned the judgment is reversed, and the cause remanded for a new trial.

*Reversed.*

Chief Justice Steele and Mr. Justice Gabbert concur.