## No. 8616.

## DENVER SUBURBAN HOMES AND WATER COMPANY ET AL. v. FUGATE.

1. NEGOTIABLE INSTRUMENTS—*Indorsements—Holder for Value.* The president of a corporation indorses to himself, before the maturity thereof, a promissory note given to the corporation. Having himself conducted the transaction in which the note was executed he is affected by any misrepresentations inducing it, and is not a holder in due course.

2. SALE OF CHATTELS—*Warranty.* No special form of words is necessary to create a warranty of quality. Any affirmation so intended is a warranty, and the intention may be inferred from the circumstances attending the transaction.

*Error to Denver District Court, Hon. Charles G. Butler, Judge.*

Messrs. THOMAS, NYE & MALBURN, and Mr. PAUL KNOWLES, for plaintiffs in error.

MR. GRANT L. HUDSON and Mr. JOHN HORNE CHILES, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court:

ACTION on promissory note; defense, failure of consideration.

In 1913 the Western Motor Car Company was a corporation doing business in Denver. Defendant in error, Fugate, plaintiff below, and his wife, held all the stock of the motor company except one share which was in the name of one Dr. Lee, merely to qualify him as a director. Fugate was the manager of the company, had entire charge of its affairs, and in fact was simply doing business under the name of a corporation.

Plaintiff in error, The Denver Suburban Homes and Water Company, being engaged in buying, selling and handling real estate, was desirous of purchasing an automobile for use in its business, and with such purpose in view, the general manager of the company called on Mr. Fugate and informed him they were in the market for a car, and of the purpose for which it was wanted. It is in evidence that he was shown a car that had been used as a demonstrator by the motor company, which Fugate represented "as a good car and would do the work that any other car would do in their business." He said "he would guarantee it for a year, just like the model 13 car;" "That it was as good a car as there was on the market, and if any car would do the work out there, that that car would do it." Thereupon defendant purchased the car, and closed the deal about March 8, 1913. The purchase price was paid partly in cash and partly by a series of notes, the last of which for $600.00, due nine months after date, is the one involved in this action. June 17, 1913, Fugate sold out the automobile business, but retained among others, this note, which he endorsed by himself, as president of the motor company, to himself individually, and duly presented for payment. This was refused on the grounds that the car was not as represented; failed to come up to the alleged warranty, and that there was a total failure of con-

sideration for which the note was given.   Thereupon this cause was instituted.   At the close of all the evidence, the court instructed the jury to return a verdict in favor of plaintiff for the full amount of the principal and interest due on the note.   To review such action of the court, defendant brings the case here and asks that the judgment be reversed and the cause remanded for a new trial.

It is the contention of defendant in error that the note being transferred to him before maturity, he is a holder in due course, and that the defense set up cannot be urged against him, in the absence of proof that he had knowledge of the alleged breach of warranty at the time the note was transferred to him.   He further claims that there is a total absence of proof of warranty and that the defense must theretofore fail, regardless of the question of his being a holder in due course.

Plaintiff in error urges that under the circumstances of this case, Fugate stands in exactly the same position as would the motor company, had it brought this action, that he is not a holder in due course, and that any defense which could be urged against the motor company is good as against him, and that the court erred in instructing the jury to return a verdict for the plaintiff for the reason that the question of warranty and the breach thereof was one of fact for the jury to determine.

1.  Under the facts and conditions disclosed by the record, we must hold that Fugate was not a holder in due course; he was the owner of and in full control of the affairs of the corporation; he was its president, general manager, and had control of, and carried on the business exactly as if he were conducting his own affairs as an individual.   He knew all about the transaction and possessed all the knowledge with which the motor company could have been charged.   This question must therefore be determined adversely to his contention.   The following authorities tend to support this conclusion:

*McCarthy v. Kepreta,* 24 N. D. 395, 139 N. W. 1012; *Rutherford v. Newson,* 30 Ga. 728; *Boit v. Whitehead,* 50 Ga. 76; *Sheddon v. Heard,* 110 Ga. 461, 35 S. E. 707; *Wray*

*v. Warner,* 111 Iowa 64, 82 N. W. 455; *Gaylord v. Memphis Co.,* 9 Heisk, 56 Tenn. 599; *Katz v. Herrick,* 12 Idaho 1-23, 86 Pac. 873.

2. It is next urged that even if it be true that plaintiff was not a holder in due course, nevertheless there being no evidence of warranty, the defense of failure of consideration on the ground of breach of warranty, must fail, and therefore, there being no defense to the note, the judgment should be affirmed.

This contention would be good if supported by the facts; but there is some evidence of warranty, enough, at least, to entitle defendant to have that question submitted to a jury. No special form of words is necessary to create a warranty. An averment at the time of the sale is a warranty, provided the jury find from the evidence on the trial it was so intended, and such intention may be reached as an inference or deduction from the facts and circumstances in connection with all the evidence on the trial and when such deduction is made, if it rests upon proper and sufficient evidence, it becomes proof as a fact of warranty.

*Mastin v. Bartholomew,* 41 Colo. 328-334, 92 Pac. 682; *Drew v. Edmunds,* 60 Vt. 401, 15 Atl. 100, 6 Am. St. Rep. 122; *Bergeler v. Mitchael,* 84 Wis. 627, 54 N. W. 995; *Danforth v. Crookshanks,* 68 Mo. App. 311-316; *Shippen v. Bowen,* 122 U. S. 575-581, 7 Sup. Ct. 1283, 30 L. Ed. 1172.

In *Mastin v. Bartholomew, supra,* Mr. Justice Campbell, speaking for the court in a case very similar to the one here under consideration, says:

"It sufficiently appears in this answer that plaintiff himself, as well as by his agent, made, as a statement of fact, and not of opinion, a positive affirmation at the time, and as part of the contract of sale, that the automobile was in first-class condition, that the batteries were all right, and represented to defendant that it was in good condition and *suitable for the particular purpose for which he wanted it, of which plaintiff was advised,* and that the thing purchased was not in that condition, which defendant afterwards discovered."

"It is entirely safe to say that there is pleaded what, in law, amounts to an express warranty and its breach."

We are of the opinion, under the facts disclosed by the record, that the question of warranty as well as the breach thereof, should have been submitted to the jury under proper instructions. Upon the counter-claim we express no opinion. The judgment will be reversed and the cause remanded with instructions to permit the parties to amend their pleadings if they be so advised, and to grant a new trial of the issues as finally settled.

Reversed and remanded with directions.

Decision *en banc.*