## TOWNSEND v. THE CITY OF DES MOINES.

1. **Evidence**: PHYSICIAN: DECLARATION OF PATIENT. In an action for personal injuries the attending physician may testify to the declarations of his patient, respecting the pain and suffering caused by his injuries.

2. **Municipal Corporations**: LIABILITY FOR IGNORANCE OF ITS OFFICERS. *Semble* that a city is not responsible for the ignorance of its officers respecting the existence of defects in a street or sidewalk, until a reasonable time shall have elapsed for the fact of the defects to become known.

3. ———: SIDEWALKS: NEGLIGENCE. That a sidewalk is permitted to remain in an unsafe condition a longer period than would be required, in the exercise of ordinary and reasonable diligence, to repair it, constitutes negligence rendering the city liable for any injury thereby occasioned.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 5.

ACTION to recover damages caused by reason of the defective condition of the sidewalks in said city. Verdict and judgment for the plaintiff. Defendant appeals.

*C. P. Holmes* and *McHenry & Bowen*, for appellant.

*Phillips, Goode & Phillips* for appellee.

SEEVERS, CH. J.—I. The attending physician, against the objection of defendant, was permitted to testify to the expressions of the plaintiff, tending to show that she suffered pain, and in what part of the body it was located. It is insisted this constitutes error, because the plaintiff at the time contemplated bringing this action. The doctor was first called to visit the plaintiff on the 28th day of December, and his last visit was on the 17th day of February, on the 8th day of which month the plaintiff made a demand on the city for compensation. It is sufficient to say that it does not appear whether the expressions of pain testified to were made before or after the 8th day of February,

1. EVIDENCE: physician: declaration of patient.

VOL. XLII.—42

and there is no evidence tending to show that the plaintiff intended to claim damages of the city before that day. That the attending physician may testify to the declarations of the patient, in relation to pain and suffering, we think there is no doubt. *Gray v. McLaughlin*, 26 Iowa, 279.

II. In the third instruction the court said to the jury: "A city acts through its officers   *   *   and is responsible for their wrongful acts, and negligent oversight   *   * as well for their knowledge as their want of knowledge of facts." And counsel insist there was error committed in giving this instruction, because the city is made responsible for the want of knowledge by its officers, without giving them a reasonable time to become acquainted with the facts. We incline strongly to the belief that this position is correct, but do not deem it necessary to determine the point absolutely, because whatever apparent error was committed was cured by the eighth instruction, in which the court said to the jury, "If you find from the evidence that the city   *   * suffered the sidewalk to become out of repair and in an unsafe and dangerous condition, and knowing it to be in that condition allowed it to so remain for such length of time that it might, in the exercise of ordinary and reasonable diligence, have repaired the same before the alleged injury but did not, and that it was in such unsafe and dangerous condition at the time of the injury, then such failure to repair was negligence on the part of the city." Taking the two instructions together we think no possible prejudice could have resulted to the defendant.

III. The sixth instruction we regard as unobjectionable in any shape, form or manner, unless possibly it is too favorable to the defendant. The criticism made is more in the nature of an objection to the finding of the jury, than to the legal principles involved in the instruction. The instructions asked by the defendant and refused are fully covered by those given unless it be that the ninth is not.

IV. The ninth instruction asked and refused is as follows: "The defendant is not required to keep its streets and walks in its suburbs in as good repair, or in as safe condition as in the

business portion of the city." As an abstract proposition this may or may not be correct, but if given how it could have aided the jury in coming to a correct conclusion we cannot conceive. The true question is, was the sidewalk in a reasonably safe condition at the place where the accident occurred, and not whether it was worse or better there than somewhere else. What is the duty of the defendant has but little to do with the question; what did it do is the real point. Admit the principle contended for and yet the principles involved in this case remain unsolved.

V. The remaining objection urged is that the verdict is against the weight of the evidence. A careful examination of the evidence satisfies us, however, that it is not so manifestly so as to authorize us to interfere. It would be useless to discuss the evidence in detail, and the judgment is, therefore,

AFFIRMED.