VAN GENT v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1.  **Railroads:** KILLING OF BRAKEMAN: EVIDENCE: HABITS OF DECEASED. In an action by an administrator for the death of his intestate, a brakeman upon defendant's road, caused by defendant's alleged negligence, it was proper to allow witnesses for plaintiff to testify as to the habits of the decedent in regard to sobriety and industry, and as to his character as a brakeman; for such testimony would tend to show the loss to his estate by his death. (See cases cited in opinion.)

2.  ————: ————: ————: CONDITION OF CARS. In such case, where the decedent was killed while attempting to couple a flat car to a caboose, and the accident was attributed to defects in the cars, an experienced brakeman who was standing upon the platform of the caboose at the time of the accident, and saw it, and noticed the condition of the cars, was permitted to testify that the platform of the caboose was in bad condition and insufficient. His conclusions were based on differences in the construction of cars, which he had noticed, and which he explained. *Held* that, while his conclusions were of doubtful competency, they were not, in view of his explanations and the special findings of the jury, prejudicial.

3.  ————: ————: ————: EFFECTS OF PRIOR INJURY. In such case, where it appeared that the decedent had sustained a serious injury some years before, which the evidence tended to show would have a permanent effect upon him, it was not prejudicial error to permit his brother to testify, in effect, that such injury had no effect at all upon decedent's health, after it had healed, so far as he knew; especially where the witness had before testified, in substance, to the same thing, without objection.

4.  ————: ————: ————: CUSTOM OF DEFENDANT. In such case, where it appeared that the coupling might have been made more safely with a crooked link, evidence that defendant was accustomed to carry a crooked link in the caboose was properly excluded, where it was shown that as a matter of fact there was no such link in the caboose at the time of the accident.

5.  ————: ————: EVIDENCE TO SUSTAIN VERDICT. In such case, while the evidence might have justified a verdict for defendant, it tended to prove certain matters (see opinion) which, if true, would establish negligence on the part of defendant; and, since the weight of the evidence was a matter for the jury, the verdict cannot be disturbed in this court.

*Appeal from Wapello District Court.*—Hon. Chas. D. Leggett, Judge.

Filed, June 5, 1890.

Action by the administrator of the estate of Dennis Murphy, deceased, to recover damages for injuries which resulted in the death of said Murphy, and for which defendant is alleged to be responsible. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*Chambers, McElroy & Roberts*, for appellant.

*W. W. Corey, E. L. Burton*, and *J. J. Smith*, for appellee.

Robinson, J.—On the thirteenth day of April, 1887, decedent was in the employment of defendant as a brakeman on a construction train. At that time, defendant was building a railway from Ottumwa to Kansas City. The road, so far as constructed, was rough, unballasted, and in the condition usual in the case of a road in the process of construction. That was true of the road and sidetrack at Mystic, where the accident in question occurred. At the time and place named, decedent, in attempting to couple a flat car to a caboose attached to the train with which he was employed, received injuries which caused his death the next day. Plaintiff claims that the accident occurred through the negligence of defendant and its employes, as follows : *First*, in that the track was uneven, not surfaced, and out of repair; *second*, in that the cars to be coupled were of different heights, so that the bumpers did not meet; *third*, in that the cars attached to the engine were moved back too fast, in consequence of which the bumper of one car passed over that of the other, crushing decedent; *fourth*, in requiring a coupling to be made where the track was uneven and unsurfaced; *fifth*, in using cars of different heights, which

were not furnished with proper bumpers or protections for the brakemen to keep the cars from coming together; *sixth*, in using a car, a truss rod of which was carelessly permitted to extend beyond the end of the car a distance of from three to six inches. Defendant denies liability, and claims that the decedent was guilty of negligence which contributed to his death.

The jury found specially that decedent was crushed between cars, the bumpers of which were of different heights, and that such difference in height contributed to his death ; that the train was moving back at an unusual rate of speed for making the coupling at the time of the accident, and that such speed contributed to the accident ; that the engineer received the last signal given by deceased, which was to back slowly, but disobeyed it, and backed at an increased rate of speed ; and that deceased was not guilty of contributory negligence. The amount of the general verdict was fifteen hundred dollars.

I.  Appellant complains that witnesses for the plaintiff were permitted to testify as to the habits of decedent in regard to being sober and industrious, and his character as a brakeman. We think the questions were proper as tending to show the value of the services of the decedent, and the loss to his estate caused by his death. *Simonson v. Railway Co.*, 49 Iowa, 92 ; *Donaldson v. Railway Co.*, 18 Iowa, 290. If the answers of the witnesses were based on false premises, the fact could have been shown on cross-examination or otherwise.

1 RAILROADS: killing of brakeman: evidence: habits of deceased.

II.  Pat Murphy, a brother of the deceased, was also employed on the construction train as brakeman at the time of the accident, and stood on the platform of the caboose to which decedent was attempting to couple a flat car, within a few feet of the bumpers of the two cars, and saw the accident, and noticed the condition of the cars. He was permitted to state that the platform of the caboose

2. — : — ; — : condition of cars.

was in bad condition, and insufficient. The witness was an experienced brakeman, and his examination disclosed the fact that his conclusions were based on differences in the construction of cars which he had noticed, and which he explained. While his conclusions were of doubtful competency, yet, in view of his explanations, and the special findings of the jury, we think no prejudice could have resulted from them.

III. The evidence tended to show that, some years before his death, decedent had received an injury to

3. ——:——:
—— : effects
of prior
injury.

his right shoulder which resulted in the removal of portions of some of the bones of the shoulder, and that the injury would have a permanent effect upon his physical condition. Pat Murphy was asked to state from his observation the effect the injury had upon his health after it had healed, and he answered, in effect, none at all, so far as he knew; and to that question and answer objection is made. Before the question was asked, the witness had stated in regard to his brother: "We have tussled with each other since he got well from the injury on his shoulder, or to his shoulder, and the injury did have no effect at all, as I know of." The answer objected to was, therefore, without prejudice, even if erroneous; but it evidently refers to the visible effects of the injury as manifested in the physical exertions of decedent, and for that purpose it was competent.

IV. Some of the evidence tended to show that the attempted coupling could have been more safely made

4. ——:——:
—— : custom
of defendant.

with a crooked link than with the straight one which decedent used. Appellant complains that a witness was not permitted to testify as to the custom of defendant in regard to carrying a crooked link in the caboose of the construction train. There was no error in excluding the testimony in question. The direct evidence showed that there was no crooked link in the caboose, and the custom as to carrying one was wholly immaterial.

V.  Numerous objections are made to other rulings in regard to the admission of evidence, which involve no question of importance or general interest, and, therefore, need not be set out.   We find that the objections in question are not well founded, or relate to rulings from which prejudice could not have resulted.

VI.  Appellant briefly notices certain paragraphs of the charge to the jury, and suggests error in giving them, and in not giving certain instructions which it asked.   The objections suggested are evidently not relied upon to reverse the case, and we think they are not well founded.   The charge as given was fair to defendant as to the matters of which it complains, and fairly submitted the issues to the jury.

VII.  Appellant urges with much force that the evidence is not sufficient to sustain the special findings and the general verdict.   The evidence is voluminous and conflicting.   The case for the plaintiff rests largely upon the testimony of Pat Murphy.   His statements are not in all respects consistent with each other, and he is contradicted as to several material matters by several witnesses.   The jury, as the evidence appears to us, might well have found for the defendant.   But there was evidence which tended to show that the truss rod projected from the end of the car further than it should have done; that the engineer disregarded a signal of the decedent, and increased the speed of the caboose unduly just before it reached the car to which it was to be coupled; that decedent saw the increase in the speed, and attempted to step from between the cars, but was caught and held by the end of the truss rod; that in consequence of the increased speed of the train, and the difference in the height of the bumpers, the cars which decedent was attempting to couple came together in such a manner as to crush the decedent, and cause his death; and that he was without fault.   There is no doubt that Pat Murphy was in better position when the accident occurred to know the material facts in regard

5. ——: ——: evidence to sustain verdict.

to it than any other witness; and, if his testimony was to be relied upon, the verdict was authorized by the evidence. The witnesses were before the jury, and it was for them to say what weight should be given to the testimony of each. We cannot say that their verdict is so unsupported by the evidence that it should be set aside. The judgment of the district court is

AFFIRMED.