HANNA F. SCHMIDT, Appellant, v. DUBUQUE COUNTY.

**Opinion evidence:** CAUSE OF FRIGHT TO HORSES. It is competent for a witness to testify to his conclusion when the matter to which it relates cannot be accurately described as it appeared to him at the time. Under this rule he may state, in connection with the other facts, what it was that frightened his horse causing the injury for which recovery is sought.

**Evidence:** PERSONAL OBSERVATION. The statement that one suffering from an injury cannot walk, when made from personal observation, is not objectionable as a conclusion.

*Appeal from Delaware District Court.*— HON. F. C. PLATT, Judge.

TUESDAY, NOVEMBER 19, 1907.

SUIT for damages occasioned by a defective bridge. There was a verdict and judgment for the defendant. The plaintiff appeals.— *Reversed.*

*Kenline & Roedell* and *Dunham, Norris & Stiles,* for appellant.

*Nelson, Duffy & Denison* and *G. A. Barnes,* for appellee.

SHERWIN, J.— The petition alleged negligence on the part of the defendant in allowing a county bridge to become and remain out of repair, " in that several planks, in, on, and along the traveled way thereof were decayed and broken, leaving large gaps and holes therein; in allowing rock and other obstructions to be placed and remain in the place where such defects were, which conditions were of such a nature as to frighten ordinary gentle horses; in allowing the elevated approach forming part of such bridge to be so constructed as to be without barriers, railing, or other safety devices; in permitting the bridge in such condition to remain open for travel; and in failing to inspect, and provide for the inspection of, said bridge." The plaintiff further alleged that, while she was in a buggy driving a gentle horse upon and along said approach and bridge, it became frightened at such defective condition and ran away, thereby upsetting the buggy and causing the injury complained of.

There was evidence tending to support these allegations of the petition. The plaintiff took the depositions of many farmers who traveled with horses over the bridge during the spring and summer preceding the accident and while it was in practically the same condition. Several of these witnesses testified that gentle horses " were greatly frightened and shied at the holes and the worn and rotten condition of the plank in the bridge, that the horses were looking at the holes at the time, that there was nothing else at or near

1. OPINION EVIDENCE: cause of fright to horses.

the bridge to frighten the horses except the holes, and that they knew the holes caused the horses to become so frightened." Some of such testimony was elicited on the defendant's cross-examination of the witnesses. After these depositions had been read to the jury, the defendant for the first time objected to the testimony as to what made the horses shy upon this bridge, because it was incompetent, calling for the opinions of witnesses on questions of fact for the jury alone. The testimony was then stricken out. There was error in the ruling. Such testimony is competent under the holding in our own cases and in cases arising in other jurisdictions. *Heinmiller v. Winston Bros.,* 131 Iowa, 32; *Bryce v. Railway Co.,* 129 Iowa, 342; *Yahn v. Ottumwa,* 60 Iowa, 429; *Scagel v. Railway Co.,* 83 Iowa, 380; *Bemis v. Temple,* 162 Mass. 342 (38 N. E. 970, 26 L. R. A. 254); *House v. Metcalf,* 27 Conn. 631; Wigmore on Evidence, section 461. See, also, other cases cited in the *Heinmiller-Winston* case.

It was also competent for the witnesses to testify that the horses saw the holes or any obstructions on the bridge. An observant driver can almost certainly tell what is frightening his horse from its appearance and actions at the time, while he might be wholly unable to intelligently describe such appearance and action to a jury. There are many little things which indicate to the driver the cause of his horse's action which cannot be adequately placed before the jury by the use of language alone. Again, an acquaintance with a horse and its peculiarities is of great value in determining the motive for its action at particular times, and this no one can know or appreciate as fully and as well as the owner or frequent driver.

On cross-examination by the defendant, the plaintiff's husband was asked if he knew of his own personal knowledge whether his wife "could have walked at the end of six months just as well as she can now." His answer was: "I do know that she couldn't." He was then asked to tell

how he knew, to which he answered: " Because she tried,

**2. EVIDENCE:** personal observation. and she couldn't go." The answer was stricken as a conclusion, and the ruling was wrong. The testimony related to a fact within the personal observation of the witness, and was competent.

Other alleged errors are complained of, but, as the same questions are not likely to arise if there should be a retrial of the case, we need not further notice them.

For the errors pointed out, the judgment must be, and it is, *reversed.*