MARY E. LANGDON, Appellee, v. ERNEST AHRENDS, Appe'llant.

**Evidence:** WHEN ADMISSIBLE AGAINST JOINT DEFENDANTS. Where evidence was admissible against one of two defendants sued jointly, an objection to its introduction on behalf of both, without invoking a ruling on its admissibility as applied to the defendants separately, was properly overruled.

**Same:** COMPROMISE AND SETTLEMENT: ADMISSIONS: ADMISSIBILITY. Evidence of an offer to compromise and settle a claim regardless of legal liability is not admissible; but distinct admissions of liability, even though made in connection therewith, are admissible; and the question of whether such admissions were by way of an offer of compromise or were admissions of liability is primarily for the court to determine. Thus where plaintiff was injured by the operation of defendant's automobile, his statement, made before any action was commenced and before there was any attempt to fix the responsibility, that he would settle for the injury, was not objectionable as an offer of compromise but was an admission of liability proper to be shown.

**Same:** PAIN AND SUFFERING: EXTENT OF INJURY: NON-EXPERT EVIDENCE. A non-expert witness may testify to declarations of present pain and suffering made by an injured person; and to facts observed by him indicating the character and extent of the injury.

*Appeal from Marshall District Court.*—HON. W. N. TREICHLER, Judge.

MONDAY, JUNE 29, 1914.

ACTION to recover damages for injuries received by plaintiff in an automobile accident. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*C. H. Van Law,* for appellant.

No appearance for appellee.

DEEMER, J.—Down to the time of giving the case to the jury, one James Allison was a party defendant with Ahrends;

it being charged that Allison was having the automobile run and controlled by Ahrends, who was in his (Allison's) employ. At the close of the testimony a verdict was directed in Allison's favor, and the case went to the jury as to the liability of Ahrends alone. The verdict was for $900, and Ahrends alone appeals.

But two questions are presented by the appeal, and these relate to rulings on testimony during the trial.

Plaintiff was permitted to show, over objections from both defendants, that Allison, after he had learned of the extent of plaintiff's injuries, she having just been examined by the doctor called to her relief, said that he would settle the matter; that in running the machine they were trying to save time and were eating lunch as they were running, attempting to make the town of State Center by 7 p. m. The following excerpts from the record will show some of the rulings made in this connection:

1. EVIDENCE: when admissible against joint defendants.

Q. What, if anything, was said by Mr. Allison, which you heard as he left the house—about the time just before he left the house—regarding what he would do with reference to settling or adjusting the damages, if any, your mother had suffered? (Objected to as irrelevant, immaterial and incompetent, not bearing upon the question of liability of the defendants or of either of them in this case.) The Court: He may answer the question—give his language as nearly as you can on that subject, what he said. (Defendants except.) A. Well, he said, in substance, that he would like to settle. Mr. Van Law: I move to strike the answer for the reasons recited in the objection. The Court: Overruled. (Defendants except.)

Q. Now, Mr. Langdon, at the time, while Mr. Allison was there in the house, did you have any conversation with him regarding what had occurred? Mr. Van Law: We object to the witness making any statement aside from statements claimed to have been made by the defendants or either of them as to cause or circumstances of the injury, as irrelevant, immaterial and incompetent. The Court: You may answer. (Defendants except.) A. After the arm was set and my wife

was in bed, they got ready to go.  Mr. Allison said, 'Mr. Langdon, I will settle this with you.'  And I said to him, 'We can't settle anything, Mr. Allison, until we find out the extent of the wife's injury.'  Mr. Van Law:  We move to strike the answer for the reasons recited in the objection, as irrelevant and immaterial with reference to any issue joined in this case.  The Court: It will be overruled.  (Defendants except.)

Error is predicated from these rulings for the reason that they were offers of compromise and settlement, and therefore not admissible against the defendants or either of them.  It is doubtful if these objections were made in the trial court; but, assuming that they were, it must be remembered that at the time the rulings were made Allison was a party to the case, and the admissions, having been made by him and not being of the res gestæ, were admissible against him alone and not admissible against his co-defendant, Ahrends.  The objections were in the most general terms, were interposed for and on behalf of the defendants jointly, and at no time was the court asked, either in rulings on testimony or otherwise, to limit these admissions to the party making them.  If admissible against either party, the objections were properly overruled.

Assuming, arguendo, that if not admissible against either the trial court was in error in admitting them, although clearly they would not be binding upon Ahrends, and the trial court should have so instructed and doubtless would have done so upon request, we shall consider the question as to whether or not these admissions were offers of compromise, and an attempt on the part of Allison to buy his peace, or whether they were admissions of liability and a promise to pay the damages.  If the former, they were not admissible against either party, and, if the latter, they were admissible against Allison alone; but the ruling was correct because the objection was interposed on behalf of both defendants.

There is a manifest distinction between an admission of liability and a promise to pay the damages, direct or implied;

and an offer to buy one's peace or to compromise and settle
without respect to legal liability. The law
favors compromises and protects one in his
efforts to adjust disputed claims, by making
his offers privileged; but such offers must be
made for this purpose, and, even if they be so made, any dis-
tinct admissions in connection therewith are receivable in
evidence.

2. SAME: compromise and settlement: admissions: admissibility.

Whether or not such admissions are by way of compromise
and to buy one's peace, or are mere admissions of liability
and express or implied promises to pay, are primarily ques-
tions of fact for the trial court in determining the admissibility
of the testimony. *Batchelder v. Batchelder,* 2 Allen (Mass.)
105; *Greenfield v. Kennett,* 6 N. H. 419 (45 Atl. 233).

And in this case we are constrained to hold that the trial
court did not err in holding that the statements were mere
admissions on the part of Allison, and not in any sense offers
to compromise or to buy his peace. No litigation had been
started and none was threatened; neither plaintiff nor her
husband were asserting any claims against the defendants, or
either of them, and so far as appears neither of the defendants
was disputing his liability for the accident. The statements
were entirely voluntary expressions or admissions of liability,
and a promise to pay or settle the damages, before any question
arose as to responsibility. An offer to settle or to pay money is
evidence that the party making it admits his liability and is
admissible in evidence; but offers to buy one's peace or to com-
promise for the purpose of averting litigation are quite a
different thing, and such an offer should not be given in
evidence. *Colburn v. Town of Groton,* 66 N. H. 151 (28 Atl.
95, 22 L. R. A. 763); 1 Greenleaf on Evidence, sections
170-192.

As already observed, the question was primarily for the
court, and we see no error in its ruling that the statements
were admissible. Neither of defendants asked any instruc-

tions with reference thereto, and the sole question is the admissibility of the testimony. We think it was admissible.

II. Plaintiff was permitted to show by various witnesses declarations of present pain and suffering made by her, and by non-expert testimony the extent of her injuries. That

3. SAME: pain and suffering: extent of injury: non-expert evidence.

declarations of present pain and suffering made after an injury are admissible, there can be no doubt. *Gray v. McLaughlin,* 26 Iowa, 279; *Townsend v. Des Moines,* 42 Iowa, 657; *Armstrong v. Ackley,* 71 Iowa, 76; *Hall v. R. R. Co.,* 115 Iowa, 18; *Aryman v. Marshalltown,* 90 Iowa, 350; *Keyes v. Cedar Falls,* 107 Iowa, 509; *Rupp v. Howard,* 114 Iowa, 65; *Blair v. Madison Co.,* 81 Iowa, 313; *Buce v. Eldon,* 122 Iowa, 92; *Patton v. Sanborn,* 133 Iowa, 650; *Battis v. R. R.,* 124 Iowa, 623; *Fishburn v. R. R.,* 127 Iowa, 483.

The only doubtful rulings are those embodied in the following excerpts from the record:

Q. Now what did you observe with reference to any physical injury your mother received, (Objected to as irrelevant, immaterial and incompetent, and calling for a conclusion of the witness. The witness is not competent as an expert to testify in reference to the subject matter inquired about.) The Court: Simply his observations of manifestations; he may answer what he could see, what you noticed. (Defendants except.) A. Her left arm was useless, and she had to be waited on by others. Mr. Van Law: I move to strike the answer for the reasons recited in the objections. The Court: I think that may stand. (Defendants except.) Mr. Van Law: I move to strike the latter part of the answer, 'that she had to be waited upon by others,' for the reasons recited in the objection and a mere conclusion of the witness. The Court: Well, that may go out. Q. State what you observed as to her appearance and how she acted, as to whether or not she was suffering pain. (Objected to as irrelevant, immaterial and incompetent, and calling for the conclusion of the witness, and not a fact.) The Court: Just tell what you observed. (Defendants except.) A. She had to be moved by others and was not capable of managing herself at all. Mr. Van Law: I move to strike the

answer for the reasons recited in the objections. The Court: Well, it is overruled. (Defendants except.)

Q. Now, what do you say as to the extent of the injury of your wife; that is, have you observed her ability to do the usual and ordinary work, having been impaired to any extent since that? Mr. Van Law: Objected to as irrelevant, immaterial, and incompetent and calling for the conclusion of the witness, and the witness is incompetent to testify with reference to the subject matter of the question. The question is leading and suggestive. The Court: Well, it is overruled. You may state whether you observed it. (Defendants except.) A. Yes, sir; I have. Q. Now, then, to what extent? Mr. Van Law: The same objection. The Court: You may answer. (Defendants except.) A. There was about eight months she wasn't able to do anything at all. There was for a year and a half that I had to help her around the house with the work, a good deal. Mr. Van Law: I move to strike the answer for the reasons recited in the objection. The Court: Well, so far as it tends to establish her disability, it is competent. (Defendants except.) Q. What, if any, limitation, have you observed on her ability to raise her hands or reach up or to use her arms as she would do prior to the injury? Mr. Van Law: Same objection. The Court: You may answer that. Now give what you observed. (Defendants except.) A. She can't raise her arm now nearly so high. I have taken hold of it and tried to raise it myself and she couldn't raise it, nor could I raise it, from that time to this. She can't raise her arm; she can't get it up over her head; she can hardly get it to her head to do her hair up. Mr. Van Law: I move to strike the answer for the reasons recited in the objection. The Court: Overruled. (Defendants except.)

The witnesses giving this testimony were nonexperts, but as a rule the questions called for facts observable by any witness, expert or nonexpert. The conditions were not such as to be more accurately reproduced before a jury, and were therefore properly stated as facts. *Schmidt v. Dubuque Co.*, 136 Iowa, 401; *Suddeth v. Boone*, 121 Iowa, 258; *Armstrong v. Ackley*, 71 Iowa, 76; *Reininghaus v. M. L. Ass'n*, 116 Iowa, 364; *Wray v. Warner*, 111 Iowa, 64; *Stone v. Moore*, 83 Iowa, 186; *Winter v. R. R.*, 74 Iowa, 448; *Van Gent v. R. R.*, 80

Iowa, 526; *Craig v. R. R.*, 121 Iowa, 471. Without quoting from these cases, it is enough to say that they fully justify the rulings of the trial court before quoted.

No other propositions are relied upon, and, finding no error, the judgment must be, and it is—*Affirmed.*

LADD, C. J., and WITHROW and GAYNOR, JJ., concur.