ORVILLE GROVER, Appellee, v. MIKE NEIBAUER, Appellant.

No. 41609.

MARCH 14, 1933.

REHEARING DENIED JUNE 23, 1933.

Edward D. Kelly, for appellant.

Whitney, Whitney & Stern, for appellee.

ANDERSON, J.—The accident in question happened on Prarie street in Spencer, at 2 o'clock in the morning on the 10th day of August, 1931. Prarie street extends north and south, and the main traveled portion thereof is graveled eighteen feet wide. The record before us does not show the width of the street nor the condition thereof outside of the graveled portion. At the time of the collision, the plaintiff, Orville Grover, was driving his car south on said street, and the defendant, Mike Neibauer, was driving his truck north thereon. The collision was caused by the left side of the defendant's truck, or rack thereon, scraping or side-swiping the left side of plaintiff's car. There was no impact or head-on collision.

The headlights on both vehicles were burning. Each party saw the other car approaching when they were 150 to 200 yards apart, and watched the same to the point of collision. Each was fully aware of the presence of the other on the street some little time prior to the accident. There is no evidence in the record as to the speed of either car. The plaintiff's car was damaged to some extent by the collision, and this action is brought to recover such damages.

The grounds of negligence charged against the defendant in plaintiff's petition were: (a) That the defendant was not on the right-hand side of the center of the street, but was driving his truck on the left-hand side thereof or west of the center line of said street; (b) that the defendant failed to give one-half of the traveled portion of said street by turning to the right upon meeting the plaintiff, but he continued to drive upon the left side and into the car of plaintiff.

During the taking of evidence, it developed from defendant's testimony that the defendant's truck was equipped with glass reflectors on each side of the front about 2¾ inches from the outside of the rack on each side. The headlights of the truck were twenty-one candle power, and were so focused that the rays of light therefrom would show on the ground 30 or 35 feet ahead of the truck.

The plaintiff and his witnesses, who were riding in the car with him, testified that they saw the bright lights on the truck coming toward them 150 or 200 yards away, that the lights on the plaintiff's car were dimmed, and the lights on the truck were not, and that by reason of the bright lights on the truck it was very hard for plaintiff and his witnesses to see.

At the close of the testimony, the plaintiff filed an amendment to his petition alleging an additional ground of negligence, in substance, that the defendant's truck was "not equipped with lights on the front thereof sufficient to reveal any person, vehicle or object seventy-five feet ahead of the lamps," and that the truck of the defendant was not properly equipped with lights as provided by law.

The defendant objected to the filing of this amendment, and moved to strike the same on the grounds that the amendment came too late; that the defendant had no opportunity to meet the same; that the alleged defects in the lights, if any, could not have contributed to the accident and damages; that it is not sufficiently supported by any evidence in the record to sustain a verdict based thereon; that such additional ground of negligence, if it existed, is not

shown by the record to have been a contributing or proximate cause of the accident; and that it is inconsistent with the original claims of plaintiff and plaintiff's evidence. This objection and motion was overruled by the court.

The case was submitted to the jury under the instructions of the court upon three grounds of negligence: (1) That the defendant at the time of the accident "was not traveling on the right-hand side of the center of the street; but was driving on the left-hand side of the said street." (2) "That defendant upon meeting the plaintiff failed to give one-half of the traveled portion of said street to the plaintiff by turning to the right, but continued to drive on the left-hand side of said street." (3) "That at the time while the truck of the defendant was being operated on the public highway or street it was not equipped with lights on the front thereof sufficient to reveal a person, vehicle or object seventy-five feet ahead of said car, and, therefore, was not equipped with lights as provided by law."

The trial court later states in its instructions that the plaintiff could recover if he had shown by preponderance of the evidence that the defendant was guilty of negligence in any one of the three particulars enumerated, if such negligence was the proximate cause of the accident, and if the plaintiff was free from contributory negligence himself.

The abstract of the record is brief, and contains but fragmentary parts of the evidence produced upon the trial. However, no attack is made by the appellant as to the sufficiency of the evidence to sustain the verdict other than upon the third specification of negligence as submitted to the jury by the court's instructions, and to this particular complaint we will now address ourselves. It will be borne in mind in this connection that in the plaintiff's original petition the claim was made that the headlights on the defendant's car were so bright that it prevented the plaintiff from seeing plainly. After the evidence was all taken, however, the plaintiff, by amendment to his petition, presented the third ground of negligence; that is, that the defendant was operating his truck on the public highway or street with lights not sufficient "to reveal any person, vehicle or object seventy-five feet ahead of said car, and, therefore, was not equipped with lights as provided by law." The defendant complains that this amendment came too late; that he did not have opportunity to meet the same; that, if such were the fact, it did not contribute

in any way to the accident and resulting damage, and was not the proximate cause of the collision; that there was not sufficient evidence to sustain said charge of negligence; and that such ground should not have been submitted to the jury. The evidence upon which this ground of negligence was based shows that the headlights of the truck were twenty-one candle power, and were so focused that the rays of light therefrom would show on the ground 30 or 35 feet ahead of the truck. There is no evidence that they were not "sufficient to reveal any person, vehicle or object seventy-five feet ahead of the lamps," and the plaintiff's witnesses testified that the lights appeared very bright, as plaintiff's car was approaching, 150 or 200 yards distant.

It is true that a failure to observe, or a violation of a statutory requirement, in this class of cases, constitutes negligence, and if such negligence is the proximate cause, the party guilty of such negligence is liable for resulting damage. The law in this regard has been recently clarified and plainly stated by this court. In Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, 554, this court, speaking through Judge Albert, states:

"We think the most satisfactory rule would be that, except where by statutory provision it is otherwise specifically provided, the failure to obey any of the provisions of the statutes or ordinances providing the manner, method of the use, and operation of vehicles on the highways, including streets, together with any provisions therein governing the equipment of vehicles and the use thereof, should be held to be negligence. * * *

"Statutes and ordinances such as these under discussion are a legislative prescription of a suitable precaution, or a fixing by law of the standard of care which is required under the circumstances, and it must follow that a failure to observe the standard of care thus fixed by law is negligence. * * *

"Where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in the trial of a case—the other elements being proven—it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant may offer proof excusing his failure to observe such legal standard of care. * * *

"It is to be kept in mind in this discussion that we are not

considering the question of proximate cause or causal relation between the violation of a statute and the injury of which complaint is made, but we are discussing only the question whether the violation of the statute or ordinance is negligence, or only prima facie evidence of negligence.

"The rules here announced are to govern in all such cases, regardless of anything said in prior opinions."

The same principle was announced by this court in the case of Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, 572, in which Judge Kindig, speaking for the court, reviews the legislation and prior pronouncements of this court in cases of this kind, and holds that, a violation of a statute now constitutes negligence "as distinguished from the prima facie evidence thereof." Judge Kindig further says:

"If the statute in fact has been violated by the appellant, he is negligent, and the only remaining question has to do with the proximate cause of such negligence."

The question with which we have to deal, therefore, in this case, is not whether the alleged violation of the statute constituted *presumptive* or *prima facie* evidence of negligence, but whether there was sufficient evidence to show a violation of the statute, and whether such violation, if any, was the proximate cause of the accident. In other words, was the evidence in this regard sufficient upon which a verdict could be sustained if such evidence stood alone? We think not. It cannot be said that the jury ignored this ground of negligence or found for the defendant thereon and based its verdict upon one or both of the other grounds of negligence submitted. Under the facts in this case, the submission of the third ground of negligence, as indicated, allowed the jury to speculate as to whether or not the defendant's lights were defective and not in conformity to the statute (Code 1931, section 5044), and, upon such speculation, to find that the condition of defendant's lights was the proximate cause of the accident. Sheridan v. Limbrecht, 205 Iowa 573, 218 N. W. 278; Scoville v. Clear Lake Bakery, 213 Iowa 534, 239 N. W. 110.

It is error to give an instruction where there is no evidence upon which the same can be supported. Wilkinson v. Queal Lumber Company, 203 Iowa 476, 212 N. W. 682; McKeehan v. City of Des

Moines, 213 Iowa 1351, 242 N. W. 42; Stout v. Chicago, R. I. & P. Ry. Co., 198 Iowa 1017, 200 N. W. 596.

Under the verdict as returned in this case, there is no way to determine upon which ground or grounds of negligence charged, the verdict was based, and it may have been based alone upon the third ground of negligence.

This court has held that failure to submit a ground of negligence not sufficiently supported by the evidence was not error. Stout v. Chicago, R. I. & P. R. Co., supra; Borough v. M. & St. L. Ry. Company, 191 Iowa 1216, 184 N. W. 320; Wilkinson v. Queal Lumber Company, supra; Hansen v. Kemmish, 201 Iowa 1008, 208 N. W. 277, 45 A. L. R. 498.

In the last-cited case this court held that the operation of a motor vehicle with lights which do not measure up to the statutory requirements becomes quite immaterial in a civil action if such failure does not contribute to the injuries.

Appellant complains of the giving of instruction No. 9 to the jury, wherein the court states as a test for contributory negligence:

"In this connection you may ask yourselves this question, 'Did the plaintiff do anything which a person of ordinary prudence would not have done under the circumstances?' or, 'Did he fail to do anything which a person of ordinary care and prudence would not have failed to do under the circumstances?' If he did he was guilty of negligence."

The attack upon this instruction is by reason of the use of the conjunction "or," and appellant contends that under this instruction the jurors may have tested for affirmative acts of negligence, and, finding none, concluded that there was no contributory negligence. They may also have tested for acts of omission, and, finding none, concluded that plaintiff was free from contributory negligence, and contends that, if the conjunction "and" had been used instead of "or" the instruction would have been proper. We cannot get this construction from the language used in the instruction. While we do not commend the instruction in its form, we do not think it did or could result in any prejudice.

Other errors are alleged by the appellant as to the failure of evidence to sustain other grounds of negligence, but, as appellant concedes that there was sufficient evidence to submit to the jury and upon which to base a verdict, other than the third ground of

negligence, we will not notice his complaints in this regard. For the error in submitting the third ground of negligence, the case must be, and is, reversed.—Reversed.

All Justices concur.