ALBERTA M. TOWNSEND, Administratrix, Appellant, v. LOU ARMSTRONG, Appellee.

No. 42716.

398

Aᴘʀɪʟ 2, 1935.

Rᴇʜᴇᴀʀɪɴɢ Dᴇɴɪᴇᴅ Sᴇᴘᴛᴇᴍʙᴇʀ 27, 1935.

G. F. Hoffman, and O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

Gibson & Stewart, and McGinnis & McGinnis, for appellee.

Aʟʙᴇʀᴛ, J.—██ █ The plaintiff in her petition specifies twenty-one grounds of negligence against the defendant. At the close of plaintiff's testimony, the defendant filed a motion to strike from the petition of the plaintiff certain specifications of negligence which will be later, partially, at least, set out. This kind of motion is unknown to the practice in Iowa; the usual course being, under the circumstances, to ask the court to withdraw issues from the jury on which there is no evidence or which fail to state a legal ground of negligence, and this course should be followed. However, as no objection was made to the consideration of such motion by the plaintiff and the same result would follow as though a proper motion had been made, the ruling on the motion, if erroneous, cannot be said to be prejudicial error because of the form in which the motion was made.

██ █ One of the grounds on which this motion was based and made applicable to several of the alleged specifications of negligence was that it pleaded a conclusion. The rule under our practice is that a pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusion based upon those facts. So, in a case of the character of the case at bar, a pleading which simply alleges that the defendant was negligent, or that the act he did was negligently done, without more (except where the doctrine of *res ipsa loquitur* is relied

on), is not a good pleading because it is a conclusion; but, if it sets out and specifies the facts to support such conclusion, it is a good pleading.

■■■ The first ground of the motion to strike was directed at the following words in the plaintiff's petition: "That the defendant was driving and operating his automobile at said time and place that he struck said decedent, at a high and dangerous rate of speed, to wit, approximately fifty or sixty miles an hour," for the reason that the same is a plea of conclusion and there is no evidence introduced on behalf of the plaintiff to substantiate the same. This ground of the motion was sustained by the court, and we think rightfully so, because there was no evidence to support it. In addition to this, instruction No. 10 gave the plaintiff the benefit of such allegation.

■■■ The second part of the petition struck at reads as follows: "That the said defendant was careless and negligent in that he failed to reduce the speed of his said automobile to a reasonable and proper speed, in view of all of the facts and circumstances existing at the time and place that he struck and injured said decedent." While the court sustained the motion as to this ground, we think that there was no prejudicial error here because of the provisions of section 5029 of the Code and instruction No. 9 given in the case, so that, the court having instructed on this proposition, the plaintiff cannot complain.

■■■ The next specification struck at was: "That said defendent failed and neglected to sound the horn on his said automobile or to give any other signal as his said automobile approached said decedent, and failed to give any signal within a reasonable distance prior thereto." This was properly stricken on the ground that there was no evidence to support it.

The tenth allegation of negligence was: "That the defendant failed to keep a proper lookout." While this was stricken, the court instructed on this proposition, and hence there was no error of which plaintiff could complain.

At this point in the proceedings the court said: "Maybe we can shorten this procedure. I am going to submit ground seventeenth (failure to keep proper lookout), in addition to the three other grounds I have already indicated. * * * You can make the same motion apply to all the other grounds."

"Counsel: * * * let my motion be that the entire amend-

ment to the petition of the plaintiff be stricken and each and every allegation of the same for the reason that same is duplication, repetition. * * *

''The court: It will be sustained as to all of the grounds of negligence alleged in the amendment except the ground seventeenth. * * *''

The court, on the final submission of the case, submitted four particular grounds of negligence.

Another allegation stricken was that the lights on defendant's car were defective and failed to throw the lights the legal distance. There was no evidence in the case at the time the motion was made to sustain this allegation.

■■■ Another allegation which was stricken was that defendant failed to drive his automobile on the traveled part of the highway, and that the defendant drove outside and to the north of the traveled portion of said highway. To understand the ruling on this, we turn to the evidence.

The east and west highway, known as No. 3, at the point in question is on a grade some 6 feet above the natural surface of the ground. The total width of the grade is about thirty-five feet. In the center the road is constructed of crushed limestone rock, about twenty-four feet in width. On the north side of this highway, at the point where the accident occurred, is a dirt shoulder nine or ten feet wide, and the jury might have found from the plaintiff's evidence that the Henderson car (the Model T Ford) was standing on this dirt shoulder at the time the accident occurred.

Adverting now to the stricken allegation, it would appear that said allegation should not have been stricken. If the jury could (as it could) find from the record that the Henderson car was not on the macadamized part of the highway, but was standing on the dirt berm to the north thereof, and the defendant therefore drove off the macadamized part of the highway and killed the deceased by so doing, this certainly would be negligence for which he would be accountable. In the case of Hanson v. Manning, 213 Iowa 625, 239 N. W. 793, one of the allegations of negligence set out in the petition was that the defendant negligently drove outside of the traveled portion of the highway without giving signal of his approach and without leaving sufficient space for plaintiff to stand in safety; that defendant negli-

gently operated his automobile without due regard to the rights of the plaintiff in the highway, and drove his car through plaintiff's place of safety without sufficient opportunity for plaintiff to escape. In that case the court failed to submit these allegations of negligence, and we reversed the case and said:

"The court should have submitted to the jury plaintiff's pleaded cause of action as including the specifications withdrawn hereinbefore set out."

We think these allegations of negligence should not have been stricken, as there was evidence in the record to support the same.

In view of the fact of a reversal of this case, we give attention to some other alleged errors. To an understanding of the same, it is necessary to set out some of the facts in the case.

This accident occurred at about 7 p. m. on September 8, 1933. Highway No. 3, as has been above described, runs east and west. About 150 feet east of the point where the accident occurred is a north and south highway, crossing No. 3 at approximately right angles. Lou Henderson was the owner of a Model T Ford of the vintage of about 1920. It had no top. With him in that car were Charles Harp and Fred Townsend, the deceased. As they came from the north and neared highway No. 3, their lights became defective and blinked, and, when they reached No. 3, they turned to the west and stopped to rectify the lights. Harp got out and went along the side of the front of the car to see if he could discover the "short" that caused the flickering of the lights. Under the evidence, the jury could have found that at the time of the accident there were no lights showing on the Henderson car. Henderson got out to the north side of the car, and Fred Townsend got out and went behind the car, facing to the west, and, with his arms and hands on the back of the seat, was standing there at the time he was struck by the car of the defendant coming from the east. Townsend was a guest in the car of Henderson.

The eighth assignment of error involves the question of showing that there was intoxicating liquor in the Henderson car at the time of the accident. After a long parley with the court over this, the court admitted the testimony and later struck it from the record. The defendant later offered testimony of one Potts to show that, on the evening of the day prior to the acci-

dent, the men in the Henderson car came to the place of the witness and they each took a drink of alcohol mixed with water. The defendant further attempted, by the testimony of Dr. Fred Bowman, chairman of the commission of insanity board of that county, to prove that Fred Townsend had been before the board on an information in August, 1933, charging Townsend as an habitual drunkard and an inebriate; and, by the clerk of the district court, to show the record in said proceedings. The plaintiff charges that this conduct on the part of the defendant was prejudicial error.

The wife of the deceased, among other things, testified that she had had some trouble with her husband over drinking, but his drinking had not affected his health. The defendant contends, in respect to this, that, although he stated to the court at the time of the trial that he did not claim Townsend was intoxicated at the time the accident occurred, evidence was admissible which tended to show the sobriety, habits, etc., of the deceased for whose death damages are claimed, as affecting the deceased's earning power and the amount of damages; citing Van Gent v. Chicago, M. & St. P. R. Co., 80 Iowa 526, 45 N. W. 913; Wheelan v. Chicago, M. & St. P. R. Co., 85 Iowa 167, 52 N. W. 119; and Chicago, M. & St. P. R. Co. v. Holverson (C. C. A.), 264 F. 597, 9 A. L. R. 1401. We are of opinion that, under the rules laid down in these cases, this evidence was admissible, and, although the court in the end excluded it, the plaintiff says that, by reason of the conduct of the defendant, it was taken and considered by the jury and necessarily affected the verdict. Even if this be so, the plaintiff cannot complain if the evidence was admissible in the first place.

■■■ The next error assigned is the claim that the court should have told the jury, in terms, that the negligence of the defendant was established as a matter of law. The admissions made by the defendant on the witness stand were such that, had the court so done, we would not be disposed to reverse on that account; but, as the record stood at that time, it was not reversible error for the court to submit the question to the jury.

The court gave instruction No. 11, as follows:

"It is the claim of the defendant that at and just before the collision with the said Fred Townsend he could not on account of dust and atmospheric conditions see or observe the deceased

Fred Townsend, and that he did not see him in time to avoid striking him with his car. You are instructed that while the statute makes it the duty of the driver of a car to operate the same at such a speed·that he can, if necessary, stop the same within the vision or radius of his lights on approaching a discernible object on the highway, yet the law also recognizes that there may be legal excuse for a failure to comply with said statute. If in the case at bar you find that the said deceased while standing on the highway was undiscernible by reason of facts or circumstances beyond defendant's control, then he would not be guilty of negligence by his failure to stop. But in this connection you are instructed that to be a legal excuse for a failure to stop within the assured clear distance ahead there must be something shown which made it reasonably impossible to comply with the statute. And unless the driver of the car is confronted with an emergency, not of his own making, and by reason thereof fails to obey the statute, he has not offered a legal excuse for a failure to stop. And unless you find there was some peculiar atmospheric condition, dust or other circumstance beyond defendant's control which did in fact render the deceased undiscernible to the defendant he has not offered a legal excuse for failure to stop. It is for the jury to say from all the acts, facts and circumstances shown by the evidence in the case whether a legal excuse has been shown by defendant for his failure to stop within the assured clear distance ahead.''

■■■ The first objection made to this instruction is that no such defense was pleaded. It is the well-settled rule in this state that, where the view of the driver of an automobile is obstructed by smoke, fog, or other conditions of the weather, so that his visibility is entirely gone, he must stop until his vision has cleared, and the failure so to do is negligence. Hart v. Stence, 219 Iowa 55, 257 N. W. 434; Kadlec v. Johnson Construction Co., 217 Iowa 299, 252 N. W. 103. Such seems to be the general holding in other states. See Nielsen v. Christensen-Gardner (Utah), 38 P. (2d) 743; Texeira v. Sundquist (Mass.), 192 N. E. 611; Shoffner v. Schmerin, 316 Pa. 323, 175 A. 516; O'Rourke v. McConaughey (La. App.), 157 So. 598. This gives rise to the question of whether or not, under Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, and Grover v. Neibauer, 216 Iowa 631, 247 N. W. 298, where it is claimed that there is a legal excuse for the

violation of the statute, it is necessary for the defendant to plead such legal excuse in order to avail himself of the same. The writer of this opinion wrote the Kisling·case, supra. The thought that underlies that case is that, where one violates a statute or ordinance, by so doing he is guilty of negligence, but, if there is a legal excuse for his so doing, he would not be guilty of actionable negligence. This being the thought, it follows that the legal excuse referred to will negative the existence of negligence on the part of the defendant. Testimony tending to show such legal excuse would be admissible under a general denial, because it would negative negligence on the part of the defendant. In the first instance, the proof of such violation of the statute or ordinance would be sufficient proof of negligence to make a *prima facie* case for the plaintiff. If there is a legal excuse as claimed, the defendant may prove the same, and, if successful, the evidence would show that there was no negligence on the part of the defendant. This being true, it is not necessary for the defendant to plead the legal excuse. We do not think section 11209 of the statute has anything to do with the question under discussion. The statement quoted from Grover v. Neibauer, supra, is purely gratuitous in that opinion.

■■■ A general assault is made on this instruction, and we think the same is erroneous. Among other things, the court tells the jury, after referring to legal excuse for failure to comply with the statute, that, if the deceased was standing in the highway and was undiscernible by reason of facts or circumstances beyond the control of the defendant, then defendant would not be guilty of negligence for failure to stop. We think this part of the instruction is too favorable to the defendant. According to his contention, his visibility was entirely clouded by the dust in the road, so much so that he testifies that he did not see the deceased until the instant he struck him. He knew of his entire loss of visibility and, under our general rule, he was required to stop before going forward. If he went forward under such circumstances, he did it at his own hazard and risk, and, if in so doing he struck the deceased, the jury might find that to be negligence on his part, and it could not be said that he could rely on the fact that the deceased, standing in the highway, was undiscernible by reason of facts and circumstances beyond the defendant's control. The fact that visibility is lost is no excuse for the defendant's failure to obey the statute in this respect.

The statute requires him to have his car so under control that he can stop within the assured clear distance ahead.

■■■ The court gave an instruction on contributory negligence which is in conflict with the ruling of Hanson v. Manning, supra. This instruction, in effect, made it the duty of the decedent to anticipate negligence on the part of the defendant as he drove the on-coming car. It is erroneous, in that it did not give the decedent the benefit of his claimed position in a place of reasonable safety. The instruction, under the record in the case, should not have assumed that the decedent was not in a place which was reasonably safe in the event of an approaching car. The decedent was not required to anticipate negligence on the part of the driver of the approaching car. This is the rule we laid down in the Manning case.

Some other questions are raised by the appellant, but, as we do not think they will arise on a retrial, we do not express an opinion on them.—Reversed.

All the Justices concur.