DON SANFORD, Appellee, v. FRED G. NESBIT et al., Appellants.

No. 46342.

NOVEMBER 16, 1943.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellants.

R. E. Hanke, of Des Moines, for appellee.

GARFIELD, J.—On October 13, 1942, about 3 p. m. defendants' beer truck and plaintiff's coal truck collided. Both were traveling west on paved primary highway 60 east of Carlisle. Defendants' truck was ahead of plaintiff as they crossed a bridge over the Middle River. Plaintiff testified that toward the west end of the bridge he pulled out to the left; seeing that the road was clear, he sounded his horn as a signal he intended to pass; defendants' truck then pulled farther to the right; plaintiff pulled alongside the beer truck on its left or south as the vehicles left the bridge; plaintiff drove his left wheels off the pavement onto the south shoulder to leave plenty of room in passing; at a point 125 feet west of the bridge, while plaintiff was still in the act of passing, the beer truck traveled to the south of the center of the highway and struck plaintiff's truck, sending it through the guardrail and down an embankment of twenty-five feet.

Smith, another trucker, was following plaintiff at a distance of some 400 feet and saw what happened. These three truck drivers were the only persons who saw the collision. Smith corroborated plaintiff's testimony in its essentials. Three boys were driving east. They testified for plaintiff. While they did not witness the collision, they did see plaintiff's truck "just after it went through the guardrails" and "saw the Lamberti truck come from the south side of the pavement then on down where it came to a stop * * * at least three blocks west." The driver

Lamberti, whom we call defendant (the suit is also against the Nesbit Distributing Company, owner of the beer truck), was the only defense witness regarding the collision. Plaintiff, defendant, and Smith agree that before plaintiff's truck went off the highway and through the guardrail the beer truck collided with the northwest corner of the bridge.

Defendant's version of what happened is that plaintiff struck the left rear of his truck, sending it to the northwest against the corner of the bridge, causing him to lose control of the beer truck, and that the two vehicles did not thereafter come in contact. Defendant admits that his truck, after striking the bridge, traveled to the south of the center of the highway, because, as he claims, it was out of control. Defendant says he heard no signal given by plaintiff; that he had seen his truck when it was 300 feet behind him and did not see it again until it was in the ditch after the collision. Defendant admits that shortly after the collision he said he did not know what happened.

The trial resulted in a verdict for plaintiff and judgment for $1,617. Defendant's complaints upon this appeal pertain to the court's instructions.

██ I. The single charge of negligence in the petition which was submitted to the jury is that defendant drove his truck to the left of the center of the highway, failing to yield half the traveled way to the plaintiff, who was passing defendant at the time. Defendant contends the court erred in submitting this charge of negligence because there is no evidence that he drove his truck to the left of the center of the highway or failed to yield half the traveled way to plaintiff. The record does not support this contention. There is ample evidence to sustain this charge of negligence.

██ It is also urged that the alleged negligence of defendant was not the proximate cause of the collision (if there was a collision), which, it is claimed, occurred after plaintiff's truck had safely passed. This contention is likewise without merit. Testimony for plaintiff is that the collision occurred on the south half of the highway while plaintiff was in the act of passing defendant. Berridge v. Pray, 202 Iowa 663, 210 N. W. 916, upon which defendant relies, is not in point. There the collision did not occur until after plaintiff had safely passed defendant's car

and was "in the clear." We held, therefore, that defendant's failure to turn to the right to permit plaintiff's car to pass, after a signal that plaintiff desired to pass, could not have caused the collision and it was error to submit such charge of negligence.

■ It is contended the court erred in submitting the specification of negligence because it was not stated that plaintiff had given an audible signal. The statute upon which plaintiff relies is that part of section 5024.03, Code, 1939, which provides that the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal.

Plaintiff alleged in his petition, though not as a part of the charge of negligence, that he sounded his horn as he started to pass defendant. Both plaintiff and Smith so testified. Prior to filing his motion for new trial defendant made no attack upon the petition because of the failure to allege the sounding of the horn as a part of the charge of negligence. At the close of plaintiff's evidence defendant moved to strike this specification of negligence because there was no evidence to support it. In this motion defendant stated:

"The evidence of both plaintiff and defendants being that when the horn was sounded the defendant moved the truck over on the right side of the road."

· Defendant, having treated as sufficient throughout the trial the pleaded specification of negligence, is in no position to claim for the first time after the verdict that it charged no actionable negligence because it did not allege the giving of a signal. Gookin v. Baker & Son, 224 Iowa 967, 969, 276 N. W. 418; Watson v. Des Moines Ry. Co., 217 Iowa 1194, 1198, 251 N. W. 31; Danner v. Cooper, 215 Iowa 1354, 1367, 1368, 246 N. W. 223.

■ II. It was stipulated that after "the court had completed his reading of instructions to the jury, plaintiff's counsel suggested to the court that an instruction should have been given, including the statutory provision governing the law on overtaking vehicles and passing. That thereupon the court prepared and gave Instructions Nos. $6\frac{1}{2}$ and $18\frac{1}{2}$, without objection on behalf of defendants' attorneys."

Instructions $6\frac{1}{2}$ and $18\frac{1}{2}$ are identical, and state:

"You are instructed that a statute of this state provides: 'The driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.'"

The statute quoted is that part of Code section 5024.03 which is applicable to the case. Defendant interposed a counterclaim and No. 18½ was inserted in that part of the instructions dealing with defendant's right to recover on his counterclaim.

In his motion for new trial, defendant excepted to Instructions Nos. 6½ and 18½ as improper in that they were a bare statement of the statute without further instruction on the reciprocal rights and duties of the parties. No other instruction gave the jury any guide as to the law governing the charge of negligence made by plaintiff. Defendant requested no instructions.

Plaintiff argues that Instructions Nos. 6½ and 18½ were given by mutual consent of the attorneys after discussing the matter with the trial judge and that defendant is estopped from excepting to them. Of course, we must be governed by the stipulation and cannot consider matters not shown of record. We are inclined to hold that the stipulation that these two instructions were prepared and given "without objection on behalf of defendants' attorneys" did not preclude either party from excepting to them in the manner provided by Code section 11495. It seems more reasonable to conclude that the stipulation was a waiver of objection as to the time and manner of giving these added instructions rather than a waiver of the right to except to their content.

We feel compelled to hold that defendant's exception to these instructions must be sustained. It is the trial court's duty to see that the jury has an intelligent understanding of what it is to decide, and failure to instruct with reasonable fullness, even in the absence of request, is error. The instructions afford the only guide the jury has for the correct application of the law to the facts. Gardner v. Johnson, 231 Iowa 1233, 1236, 3 N. W. 2d 606, 608, and cases cited. The doctrine that a correct instruction is sufficient in the absence of request for amplification is not applicable here.

The trial court should have amplified No. 6½ in the same or another instruction to enable the jury to apply the law to the evidence. An instruction on alleged negligence in the violation of a statute should tell the jury what conduct amounts to such violation and not merely quote the statute. Furthermore, it is well to tell the jury that the instruction relates to the charge of negligence submitted, so they may know what applicability they should give to the law in determining whether the charge has been proven. In support of our conclusion, see Muirhead v. Challis, 213 Iowa 1108, 1113, 1114, 240 N. W. 912; Jakeway v. Allen, 226 Iowa 13, 18, 282 N. W. 374.

Here there was no attempt in any of the instructions to furnish the jury any guide by which to apply the law to the facts. The instructions, for the most part, are form instructions without any particular applicability to this rather simple controversy.

Furthermore, where there is evidence of a legal excuse for the violation of a statute, within the rule of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, and the numerous cases that have followed it, it is the court's duty to instruct on the effect of such evidence. Rich v. Herny, 222 Iowa 465, 474, 269 N. W. 489.

Testimony tending to show a legal excuse for the violation of a rule of the road is admissible under a general denial in an answer because it tends to negative the charge that defendant was negligent. It is not necessary for a defendant to plead the legal excuse. Townsend v. Armstrong, 220 Iowa 396, 404, 260 N. W. 17. And, see Rich v. Herny, supra, where the answer was in effect a general denial without a plea of legal excuse. An intimation in the third headnote [Iowa Reports] to Lukin v. Marvel, 219 Iowa 773, 259 N. W. 782, that a legal excuse must be pleaded is not supported by the opinion in that case. A similar intimation in the opinion in Keller v. Dodds, 224 Iowa 935, 951, 277 N. W. 467, was clearly not intended to conflict with our positive holding in Townsend v. Armstrong, supra.

Here there was evidence of a legal excuse for defendant's alleged failure to comply with section 5024.03. If plaintiff negligently struck the rear of the beer truck, causing it to collide with the bridge and sending it out of control to the left of

the center of the highway while defendant was in the exercise of due care, this would constitute a legal excuse for defendant's conduct, within the rule of Kisling v. Thierman, supra. An instruction should have been given which embodied this thought. Of course, such an instruction should be properly balanced by telling the jury in substance that if plaintiff did not negligently strike the beer truck or cause it to collide with the bridge and send it out of control to the left, or if defendant did not act with due care in directing the course of his truck, then no legal excuse was shown.

III. Defendant excepted to Instruction No. 17, which deals with defendant's right to recover on his counterclaim against plaintiff. The instruction undertakes to quote that part of Code section 5023.04 which provides:

"The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * *

"3. When approaching and traversing a * * * bridge * * *."

In place of the statutory words "*approaching and* traversing," the instruction uses the word "crossing." After thus stating the statute, the instruction goes on to say in substance that if plaintiff did not reduce his speed (omitting "to a reasonable and proper rate") when *crossing* the bridge, plaintiff would be negligent. The instruction is, of course, as defendant contends, inaccurate in these respects. Defendant in effect concedes that the instruction may not have been prejudicial to him, since the applicable part of section 5023.04 does not necessarily demand a reduction of speed. It only requires that a driver approach and traverse a bridge at a speed that is reasonable and proper under the existing circumstances. Coon v. Rieke, 232 Iowa 859, 862, 6 N. W. 2d 309, 310, 311, and cases cited. In any event, these inaccuracies in Instruction No. 17 are not sufficiently prejudicial to justify a reversal. They should, of course, be avoided upon a retrial.

For the error pointed out in Division II, the cause must be—Reversed.

All JUSTICES concur.